## ROSS v. WAIT et al.

The ruling of the trial court upon defendants' objection to the introduction of evidence, on the ground that the complaint does not state facts sufficient to constitute a cause of action. is not the decision of a demurrer, within the meaning of Section 5236, Comp. Laws, and an order made on such ruling is not the subject of an independent appeal.

(Syllabus by the Court.   Opinion filed April 5, 1892.)

Appeal from circuit court, Lincoln county.   Hon. FRANK R. AIKENS, Judge.

Action on bond.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

The undertaking set out in full in the complaint was a part of the complaint and contained the promise of the defendants.   Murdock v. Brooks, 38 Cal. 596; Heebner v. Townsend, 8 Abb. Pr. 234; Browner v. Davis, 15 Cal. 9; Booske v. Gulf Co., 5 So. 247; Ins. Co. v. Smead, 13 S. E. 332.

*E. C. Kennedy*, for respondents.

KELLAM, P. J.   The particular facts alleged as constituting the cause of action and the defense in this case are not important to be stated here, as the appeal must be disposed of on respondents' motion to dismiss.   When the case was called for trial on the 18th day of March, 1890, upon the issue made by the complaint and answer, defendants' counsel objected to the introduction of any evidence on the part of plaintiff, for the reason that the complaint did not state facts sufficient to constitute a cause of action.   The objection was sustained.   After-

wards, on the 9th day of May following, the court made an order in writing, which, after its formal parts, reciting the fact of the case being called for trial, the motion and its grounds, proceeded as follows: "It is ordered that said objection be, and the same is hereby, sustained, and the complaint is adjudged insufficient on the ground that it does not state facts sufficient to constitute a cause of action." This order was excepted to by the plaintiff, and from it this appeal is taken. Respondents move to dismiss the appeal because such order is not appealable. In resistance, appellant's argument is as follows: The objection to the introduction of evidence under the complaint, upon the ground that it did not state facts constituting a cause of action, was, in legal effect, a demurrer upon the ground stated. The decision of the court upon such objection was an order sustaining a demurrer, and appealable under Subdivision 3, § 5236, Compiled Laws. This position is not tenable. While defendants objection presented to the court substantially the same question as would have been presented by a formal demurrer, it did not present it as an issue, the decision of which could be separately appealed from. When the statute (said Section 5236) makes an order sustaining or overruling a demurrer appealable, and it has already provided for a pleading to be called a "demurrer," and has nowhere mentioned or recognized any other demurrer, it is a fair conclusion that such demurrer was the one referred to. To allow appellant's claim would lead to endless confusion and uncertainty. This objection that the complaint does not state facts sufficient to constitute a cause of action may be taken at any time, as well during the progress of the trial as at its commencement; but if the decision of the court upon such objection is the decision of a demurrer, within the meaning of the statute, then an independent appeal may be taken from such decision when made in the body of the trial. The same objection may be made against an answer containing new matter. Suppose, when the plaintiff has presented his side of the case, he makes such objection to evidence under the answer, is the ruling of the ruling of the court on such objection a decision of a de-

murrer to the answer, and so subject to a separate appeal?  Or suppose in this case the ruling of the court had been different, and it had been held that the complaint did state facts sufficient, might the defendants have then taken an independent appeal from such ruling? ' We have no doubt whatever that Section 5236, making a decision sustaining or overruling a demurrer appealable, had reference entirely to the demurrer which a previous section of the statute had authorized towit, a demurrer as a pleading.  But appellant's own treatment of this question is inconsistent with the claim which he makes.  It is presented here on bill of exceptions, duly allowed and settled by the judge, but, if the ruling was an order sustaining a demurrer, no exception was necessary.  § 5080, Comp. Laws. Upon a motion for new trial, the decision of the court sustaining or overruling a demurrer cannot be reviewed, for a new trial is a re examination of an issue of fact.   Section 5087, Id.; Mason v. Austin, 46 Cal. 385; Jacks v. Buell, 47 Cal.  162.   But the ruling of the court, on objection to the introduction of evidence on the ground that the complaint does not state a cause of action, is reviewable on motion for new trial.   Waugenheim v. Graham, 39 Cal. 175.   Thus is clearly maintained by the California supreme court the distiction which appellant seeks to have ignored, and the statutes of that state governing the taking and saving of exceptions and presenting error are substantially the same as ours.   The ruling of the circuit court, if erroneous, was an error in law occurring at the trial, and is not the subject of an independent appeal.   Respondents' motion to dismiss is allowed, with costs.   All the judges concur.