[File No. 6897]

## THE UNIVERSAL MOTORS, a Corporation, Appellant, v. LEE COMAN, Respondent.

**(15 NW(2d) 73)**

Opinion filed June 22, 1944

*J. K. Murray,* for appellant.
*C. F. Kelsch,* for respondent.

BURKE, J. In this case the District Court of Morton County granted a motion for the dismissal of an appeal from a justice court judgment upon the ground that the court had lost jurisdiction of the case due to the failure of the defendant to file a proper appeal bond. Thereafter the court of its own motion, and without notice to the parties, vacated its order of dismissal and the judgment entered thereon and made an order denying the motion for a dismissal of the appeal. A judgment reinstating the appeal from justice court was thereupon entered. Plaintiff has appealed from both the order and the judgment.

The order is not appealable. Subdivision 5 of § 7841, Compiled Laws of North Dakota 1913, provides:

"Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

This section clearly requires that the district court be given an opportunity, upon a noticed hearing, to reconsider orders which it has made without notice, as a condition precedent to appeal. No such opportunity was given to the court in this case.

The judgment merely reinstated the appeal from justice court. It was not a final determination of the rights of the parties to the action. Although designated a judgment, it was not a final judgment and therefore not one from which an appeal will lie. Strictly speaking, under the North Dakota Code, there are no judgments other than final judgments. Section 7599, Compiled Laws of North Dakota 1913 defines a judgment as "the final determination of the rights of the parties in an action." This definition is "just broad enough to comprise all final judgments and all final decrees and narrow enough not to comprise any which is less than final." Freeman, Judgments, 5th ed § 17. "Every direction of a court or judge made or entered in writing, and **not** included in a judgment, is denominated an order." Compiled Laws of North Dakota 1913, § 7939.

Section 7279, Compiled Laws of North Dakota 1913 provides, "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except when a contrary intention plainly appears." It follows that § 7818, Compiled Laws of North Dakota 1913, which permits appeals from judgments and orders refers to judgments as defined by § 7599, supra and orders as defined by § 7937, supra.

In so far as the right of appeal is concerned the judgment in this case must be treated as an order and when so considered it is not appealable as above set forth.

The appeal is therefore dismissed.

Morris, Ch. J., and Nuessle, Christianson and Burr, JJ., concur.