[File No. 7006]

RUTH SCHILLERSTROM, Appellant, v. DUANE SCHIL-
LERSTROM, Respondent.

(24 NW2d 734.)

Opinion filed October 30, 1946.

*Floyd B. Sperry,* for appellant.
*J. E. Hendrickson* and *G. L. Dosland,* for respondent.

PER CURIAM. Plaintiff brought the above entitled action for
a divorce, in the District Court of Morton County in October,
1942. The plaintiff filed an affidavit for publication of the sum-
mons showing that the defendant was not a resident of this state
and was residing in the City of Minneapolis, in the State of
Minnesota. The summons and complaint were thereafter served
upon the defendant personally in the said City of Minneapolis.
It appears that the defendant thereafter interposed an answer
to the complaint. On November 20, 1942 the parties entered in-
to a written stipulation wherein it is recited that the defendant
agrees to withdraw his answer upon the execution of the stipu-
lation, and that upon the execution of the stipulation the action
may be brought on for trial without further notice to the defend-
ant. The stipulation contains provisions with reference to the

custody of the minor child and the payments to be made by the defendant for the care and support of the child and the amount to be paid for attorneys fees and expenses.

The action came on for trial on November 24, 1942. The stipulation between the parties was filed. The defendant made no appearance, either in person or by attorney. After hearing the evidence adduced by the plaintiff the trial court made findings of fact in favor of the plaintiff and ordered judgment to be entered in her favor for a divorce and also awarded her the care and custody of the minor child issue of the marriage. On December 16, 1942 judgment was entered pursuant to the findings.

In January, 1946 the defendant made application that the judgment be vacated and set aside. In such application the defendant asserts that the plaintiff had not been a bona-fide resident of the State of North Dakota for a period of more than one year immediately preceding the commencement of the action. The trial court issued an order to show cause noticing said application to vacate the judgment to be heard on February 11, 1946. At the time and place so set for the hearing of the application to vacate the judgment, both parties appeared by counsel.

The attorney for the plaintiff moved that the order to show cause be quashed and the application denied on the grounds, among others, that the defendant had appeared in the action and filed an answer which he later withdrew; that after the judgment had been rendered, he recognized the validity of such judgment from the very beginning and made payments for the support of the child as provided in the judgment; that the plaintiff has since remarried; and that the defendant is estopped from questioning the validity of the judgment. The trial court denied the motion and the plaintiff has appealed from such order.

The defendant moves that the appeal be dismissed on the ground that the order is not appealable. The motion must be granted. It is elementary that the right to appeal from an interlocutory order is purely a statutory one. Stimson v. Stimson, 30 ND 78, 152 NW 132; Ostlund v. Ecklund, 42 ND 83, 171 NW 857; Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360; Burdick v. Mann, 59 ND 611, 231 NW 545.

The statute of this state (§ 28–2702, ND RC 1943) provides that an appeal lies to the Supreme Court from the following orders:—

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 35–2204, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

Appellant contends that the order is appealable under subdivisions 2, 4, 5, and 6 of said § 28–2702, supra. The main contention is that the order is appealable under subdivisions 4 and 6, and little or no argument is presented in support of the contention that the order is appealable under subdivisions 2 and 5.

The order appealed from is clearly interlocutory. It is a preliminary order; it is not final as to the merits of the case or as to the merits of any question involved. It does not vacate the judgment or any part thereof. The order merely denied the

motion to quash the order to show cause with the result that such order continued in force and that the hearing noticed therein might be had as noticed. The order denying the motion to quash therefore clearly is not a final order within the purview of subdivision 2, nor is it an order which involves the merits of the action or some part thereof within the purview of subdivision 5.

Appellant contends that the order in effect grants a new trial and is therefore appealable under subdivision 4 of said § 28–2702, supra. This contention is not well founded. The order does not vacate the judgment or order a new trial of any issue. It merely affords a hearing upon the question whether the judgment shall be vacated and a trial had. If, as the plaintiff asserts, the record and the facts disclose that the plaintiff is estopped from attacking the judgment, that is a matter to be considered upon the hearing of the application to vacate the judgment. If it is shown that the defendant is estopped from attacking the judgment, then it will be incumbent upon the court to deny the application and the judgment will remain and there will be no trial of any of the issues in the case. It is one thing to quash the order to show cause noticing the application to be heard and deny the application and thus, in effect, prevent a hearing from being had, and quite another to grant or deny the application to vacate the judgment. The order denying the motion to quash the order is purely preliminary. An order granting an application to vacate and ordering a new trial is a final order entered after judgment and is appealable. The order denying the motion to quash the order to show cause does not grant a new trial and is not an order granting a new trial within the purview of subdivision 4 of said § 28–2702, supra. Smith v. Smith, 71 ND 110, 299 NW 693.

The plaintiff also contends that the motion to quash was in effect a demurrer to the application to vacate and that consequently it is appealable under subdivision 6 of said § 28–2702, supra.

Under the laws in force prior to the enactment of the Revised Codes of 1943 an appeal would lie from an order which sustained

or overruled a demurrer. CL 1913, § 7841, subd 3. But this court in construing that section held that an order denying a motion to quash was not rendered appealable by that section. Warren v. Slaybaugh, 58 ND 904, 228 NW 416. That case involved an order overruling a motion to quash an alternative writ of mandamus, but the reasoning in that case is equally applicable in this case. In the opinion in that case it was said:—

"A motion to quash is not a demurrer. It may serve the same purpose or it may even be broader in its operation in that it may reach objections to the anterior proceedings that would not be reached by a demurrer. A motion to quash is not the only proceeding that may have a similar function. An order sustaining an objection to the introduction of evidence at the beginning of a trial on the ground that the complaint does not state facts sufficient to constitute a cause of action (Ross v. Wait, 2 SD 638, 51 NW 866); an order on a demurrer ore tenus (Treat v. Hiles, 75 Wis 265, 44 NW 1088); an order made on a motion to dismiss at the end of the whole case on the ground that the evidence fails to substantiate the essential allegations (Bowen v. Montana L. Ins. Co. 49 ND 140, 190 NW 314), on a motion for a judgment on the pleadings (Wall v. First Nat. Bank, 49 ND 703, 193 NW 51), or on a motion for judgment non obstante (Turner v. Crumpton, 25 ND 134, 141 NW 209), all are in a measure analogous to rulings on demurrers. But such motions are not demurrers, and orders entered in disposing of them are not appealable on account of their similarity to demurrers. See cases, supra." 58 ND p 909.

In the Revised Codes of 1943 an order overruling a demurrer was omitted from appealable orders. Subd 4, § 28–2702, ND RC 1943; Milde v. Leigh, ante, 15, 24 NW2d 55. Subdivision 6 of said § 28–2702, supra makes "an order for judgment on application therefor on account of the frivolousness of a demurrer, answer or reply appealable." The order is appealable only where the decision holds that a demurrer, answer or reply is frivolous and renders judgment accordingly. The section does not render appealable an order which denies an application for judgment because of the frivolousness of a demurrer, answer or

reply. The order involved here is not appealable under said subdivision 6.

Appeal dismissed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE, NUESSLE and BURR, JJ., concur.