[File No. 7147]

JOHN STORMON, Plaintiff, v. THE DISTRICT COURT OF PIERCE COUNTY, The Hon. W. H. Hutchinson, presiding Judge, and E. J. Saterlie, Clerk, et al., Defendants.

(38 NW2d 785)

714

Opinion filed August 2, 1949.   Rehearing denied Aug. 30, 1949.

*Nelson & Herringer, Clyde Duffy* and *J. Howard Stormon,* for plaintiff.

*C. A. Waldron* and *Bruce Van Sickle,* for defendants.

MORRIS, J. The plaintiff and proponent in the court below who is the petitioner herein seeks to have this court exercise its superintending control through an appropriate writ directing the trial court to determine upon its merits a motion by the

proponent of judgment notwithstanding the disagreement of the jury.

This controversy develops from the following facts. The proponent filed a will for probate in the County Court of Pierce County. Contestants filed objections to the probate. After the contest was tried the county court admitted the will to probate. The contestants appealed to the district court and demanded a trial by jury. Upon the trial in the district court the jury disagreed and was discharged by the court. The proponent had made a motion for a directed verdict at the close of the contestants' evidence which was renewed at the close of all the evidence in the case. Both motions were denied. After the jury was discharged the proponent made a motion for a judgment notwithstanding the disagreement of the jury, based upon all the grounds set forth in the motions for a directed verdict and upon further grounds that had been specified in objections made before the introduction of any evidence in the case.

The contestants took the position that the trial court had no power to entertain a motion for judgment notwithstanding the disagreement of the jury, and cited Knorr v. Velva Supply & Machine Co. 60 ND 449, 235 NW 149, and Chapter 220 SLND 1945, being Section 28–1509, 1947 Supplement to the North Dakota Revised Code of 1943. The proponents cited Bratvold v. Lalum, 68 ND 534, 282 NW 514.

After hearing arguments on the motion the trial court filed a memorandum opinion in which he reached the following conclusion.

"It follows that the Court must deny the petitioner's motion; the grounds for denial being a matter of procedure and not upon the merits, the order denying the motion will be made without prejudice to the petitioner's presenting the jurisdictional questions in a proper motion either before another trial or after the contestants have rested their case upon another trial."

The trial court has not refused to entertain the proponent's motion or to render a decision thereon. He determined that the motion must be denied because of lack of power on the part of the trial court to entertain it. He therefore did not reach the merits of the motion. The proponent asks us to review and

reverse the trial court's decision on the question of power and direct him to proceed to determine the motion upon the merits. The first question that confronts us is whether this situation here presented is one for the proper exercise of the superintending control.

Section 86 of the North Dakota Constitution vests in the Supreme Court "general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law." The legislature has placed no limitations upon the Supreme Court in this respect, but by Section 27-0204, Rev Code ND 1943 it has authorized the court to issue such original and remedial writs as may be necessary to exercise its superintending control over inferior courts. Cases construing similar constitutional and statutory provisions are collected in these annotations. 112 ALR 1351; 20 LRA NS 942 and 51 LRA 33. We have also considered the scope and nature of the superintending control of this court in the more recent cases of State ex rel. Johnson, et al. v. Broderick, 75 ND 340, 27 NW2d 849; Goodman v. Christensen, 71 ND 306, 300 NW 460; State ex rel. Jacobson v. District Court, 68 ND 211, 277 NW 843. A number of our earlier decisions are discussed in State ex rel. Red River Brick Corp. v. District Court, 24 ND 28, 138 NW 988 and State ex rel. Lemke v. District Court, 49 ND 27, 186 NW 381.

It is established by the foregoing authorities that superintending control is a broad power the limits of which are not precisely defined by constitution, statute or precedent. Its limits are determined by the controlling court through the exercise of sound judicial discretion, guided by the fact that the primary jurisdiction is appellate while superintending control is an extraordinary power which becomes available to a litigant only under conditions that are tantamount to a denial of justice.

"This power should not be exercised except in case of emergency or exigency, or when made necessary by the lack of other adequate remedy, or when the ends of justice imperatively demand it." State ex rel. Red River Brick Corp. v. District Court (ND) supra.

Superintending control will be exercised sparingly and only

in emergent situations. It is a remedy of extremity and not of convenience.

Turning now to the situation before us we will assume without implying that the trial court is in error in determining that he does not have the power to entertain and decide a motion notwithstanding a disagreement of the jury. Nevertheless the motion was presented to him and he has by memorandum opinion announced his intention to deny it. Section 28–2702 provides what orders are appealable. The right of appeal from an intermediate order is statutory. Warren v. Slaybaugh, 58 ND 904, 228 NW 416. An order denying a motion for judgment notwithstanding the verdict is not appealable. Stratton v. Rosenquist, 37 ND 116, 163 NW 723; Starke v. Wannemacher, 32 ND 617, 156 NW 494, 4 ALR 167; Houston v. Minneapolis, St. Paul & S. Ste. M. R. Co. 25 ND 469, 141 NW 994, 46 LRA NS 589, Ann Cas 1915C 529; Turner v. Crumpton, 25 ND 134, 141 NW 209. Corelatively, an order denying a motion for judgment notwithstanding a disagreement of the jury is likewise nonappealable.

The fact that an order is not appealable does not mean that it is not reviewable. In fact most intermediate orders which are nonappealable may be reviewed as an incident to or a part of the final action of the court. An order denying a motion for judgment notwithstanding the verdict made before judgment is reviewable on appeal from the judgment. Satterlee v. Modern Brotherhood of America, 15 ND 92, 106 NW 561; Heald v. Strong, 24 ND 120, 138 NW 1114; Olson v. Ottertail Power Co. 65 ND 46, 256 NW 246, 95 ALR 418; 2 Am Jur, Appeal and Error § 103. See also Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360.

Every right which the proponent claims, can be presented and adjudicated in the ordinary course of procedure. Trial, verdict, judgment, and appeal afford him an adequate remedy by which he may reach a final juridical determination of the litigation. There is no emergency in the sense that a lapse of time might endanger or defeat the ends of justice. The proponent, who seeks the extraordinary remedy of superintending control, is in possession of the res of the estate. No irreparable injury is apparent, in fact, none is claimed other than the inconvenience and

expense of another trial. Convenience in securing a determination and the acceleration of the progress of the litigation while in themselves worthy do not warrant us in exercising superintending control and thus in effect providing a direct appeal where no such appeal has been provided by statute. Where as in this case there is no emergency and no great hardship is apparent, our exercise of superintending control would be inconsistent with the evident intention of the legislature which provided no direct appeal from the order in question.

It also appears that there is no reasonable certainty that the exercise of superintending control in this instance would bring about an early termination of the litigation. It would constitute arguable precedent for future litigants to contend that they were entitled to invoke the superintending control of this court to review any nonappealable order whether it was ultimately reviewable as in incident to the final judgment or not. If instead of deciding the motion for judgment notwithstanding the disagreement of the jury on procedural grounds, the trial court had rendered a decision against the proponent on the merits the same argument that we could expedite the course of justice through our power of superintending control would apply, for another trial in the district court would then be necessary. Moreover, should we grant the proponent's request and direct the trial court to decide the merits and should that decision be unfavorable to the proponent we might again be asked to grant an extraordinary review. There seems to be little difference in principle insofar as the exercise of superintending control is concerned between the alleged error here presented and an error of the court with respect to the merits. In either event, an orderly way is open to a correct and final determination including a review of intermediate orders without resort to the extraordinary power of superintending control.

Should we decide that the trial court erred in denying the motion upon procedural grounds and direct that it be considered and determined upon its merits, and should the trial court then deny the motion on the merits, the case would still remain for trial by the court and jury and our exercise of superintending control would have lengthened the procedure and delayed final

adjudication. Our action in granting proponent's petition would extend the resort to the power of superintending control beyond any precedent yet established in this court.

The Supreme Court of Wisconsin has stated a rule which is applicable and decisive in this case. It is set forth in State ex rel. Milwaukee Electric R. & Light Co. v. Circuit Court, 134 Wis 301, 114 NW 455, as follows:

"The superintending control of this court over inferior courts will not be extended to determine whether a circuit judge should do what he has refused to do where the error claimed to have been committed is reviewable on appeal from the order entered in the matter, or from a final determination of the matter or proceeding in which it was made, and the refusal does not deny a clear statutory right, but involves the determination of questions of law or fact, or both, of such difficulty that a judge might reasonably, proceeding considerately, commit judicial error."

It appears that an ordinary, orderly and adequate remedy exists for determining the controversy. An emergency does not exist. It does not appear with reasonable certainty that by the exercise of the power of superintending control we would hasten the termination of this litigation. On the other hand it is equally possible that such action might prolong it. Under these circumstances we will not interfere with the ordinary course of procedure. Petition denied.

NUESSLE, Ch. J., BURKE and CHRISTIANSON, JJ., and GRONNA, District J., concur.

MORRIS, J. (On Petition for Rehearing). The plaintiff has filed a petition for rehearing in which he questions our statement that an order denying a motion for judgment notwithstanding the verdict is not appealable. To avoid any further misunderstanding on this point we quote what we said in Gray v. Elder, 61 ND 672, 240 NW 477,

"An order denying a motion for judgment notwithstanding the verdict is not an appealable order. It is only when the same is coupled with a motion for a new trial and the court denies the the motion for judgment but grants or denies the motion for a

new trial that the moving party 'may appeal from the order as a whole and have the ruling on the motion for judgment notwithstanding the verdict reviewed in the Supreme Court.' Welch Mfg. Co. v. Herbst Department Store, 53 ND 42, 204 NW 849." This statement of the law is applicable under our present statute, section 28–1509, 1947 Supplement to the North Dakota Revised Code of 1943 (Chapter 220, Session Laws ND 1945) which provides,

"If the motion for judgment notwithstanding the verdict be denied, the Supreme Court, on appeal from the judgment, may order judgment to be entered, when it appears from the testimony that a verdict should have been so directed; and it may also so order on appeal from the whole order denying such motion when made in the alternative form whether a new trial was granted or denied by such order."

See also § 28–1511, Rev Code ND 1943. Rehearing denied.

NUESSLE, Ch. J., and BURKE and CHRISTIANSON, JJ., and GRONNA, District J., concur.