[File No. 7179]

MARGARET SIMPSON, Petitioner, v. THE DISTRICT COURT OF WARD COUNTY, North Dakota, Fifth Judicial District; and A. J. Gronna, Judge of Said Court; and Martin Hanson, Sheriff of Ward County, North Dakota, Respondents.

(42 NW2d 213)

Opinion filed April 8, 1950

*Paul Campbell*, for petitioner.

*H. L. Halvorson, Jr.*, States Attorney for respondents.

Nuessle, Ch. J. On November 30, 1949, acting pursuant to the provisions of Sections 42–0201 et seq. RCND 1943, H. L. Halvorson, Jr., the States Attorney of Ward County brought an action in the name of the State of North Dakota against Margaret Simpson, hereinafter referred to as the petitioner, to abate a common nuisance. (Section 12–2228 RCND 1943)

The complaint in that action, verified by the States Attorney on information and belief, alleged that the petitioner used and occupied a building on a lot in the City of Minot, in which she kept and maintained a house of prostitution, commonly known as a bawdy house; that the same was a common nuisance whereby the peace, quiet, and decency of the neighborhood were habitually disturbed.

The relief prayed was that the premises in question be adjudged a common nuisance and abated as such; that a temporary injunction be issued enjoining the petitioner until further order of the court from occupying and keeping the premises as such common nuisance; and for such other and further relief as might be just.

The summons and complaint were presented to the judge of the District Court in and for Ward County accompanied by the

affidavit of the States Attorney made upon information and belief setting forth facts substantially as stated in the complaint together with an application predicated on the affidavit for an order directed to the petitioner to show cause why a warrant should not be issued directed to the Sheriff of Ward County to shut up and abate said premises until such time as the action should be tried and determined upon its merits or until the further order of the court. The court thereupon issued an order temporarily enjoining the petitioner as prayed in the complaint and also issued an order to show cause pursuant to the application made therefor.

On November 30, 1949, service was made on the petitioner of the summons, complaint, temporary injunction, affidavit, application for order to show cause, and order issued pursuant thereto.

On December 3rd, the day on which the order to show cause was returnable, petitioner made her return denying the matters and things set forth in the affidavit for the order to show cause and alleging that for a long time theretofore the premises in question had been occupied by her as a home and dwelling house and that there had been no use or occupation thereof such as to constitute the same a common nuisance. She also objected to and challenged the jurisdiction of the court and the validity of the order to show cause, and of the proceedings leading up to the issuance of the order, on the grounds that the same were unconstitutional and void in that they were intended to and would deprive the petitioner of her property without due process of law and would violate the security of the petitioner in her house by an unreasonable seizure thereof.

The court overruled the objection and challenge interposed by the petitioner and proceeded to take proofs offered by the States Attorney in support of the application and affidavit on which the order to show cause was issued. The petitioner, standing on her challenge and objection, offered no testimony. The court found that the premises constituted a common nuisance and issued an "injunctional warrant" ordering the Sheriff of Ward County "to shut up and abate the premises by padlocking the same until such time as this action shall be tried and determined on its merits or until the further order of the court."

Pursuant to the command of this warrant the Sheriff seized and took possession of the premises, evicted the petitioner, and closed and locked up the same.

Thereafter, the petitioner, invoking the supervisory power of this court, reposed in it pursuant to the provisions of Sections 86 and 87 of the State Constitution applied for an appropriate supervisory writ. In that behalf she set forth in her application and by affidavit the facts relating to the matter. She alleged that the premises in question were and had been her dwelling house and home; that she had but little means; that she was unable to find or obtain a dwelling elsewhere; that she had been in no way guilty of the acts charged against her; that she had no other speedy and adequate remedy; and prayed that this court issue its order to show cause directed to the District Court of Ward County and the judge thereof and to the sheriff and states attorney why the order directing the issuance of the warrant and the warrant issued pursuant thereto should not be vacated and set aside, the premises reopened and returned to the petitioner, and that the respondents be restrained from further interference with said premises until after the trial of the action to abate the alleged nuisance.

An order to show cause was issued as prayed. The respondents made return thereto setting forth the facts as heretofore stated and presented therewith all pleadings, papers, and files, and the record of the proceedings had.

The petitioner makes no complaint on account of the issuance of the temporary restraining order. Her sole contention in this court is that the warrant issued by the trial court was null and void in that it violated the constitutional rights of the petitioner as stated above.

We are of the opinion that the petitioner's challenge and contention are well grounded. The respondents seek to justify the issuance of the injunctional warrant on the ground that the same is authorized by Section 42–0203 RC 1943. This section reads: "If, at the time of granting the temporary injunction, an affidavit shall be presented to the court or judge, stating or showing that acts are being committed, contrary to law, upon the premises where said nuisance is located, the court or judge must issue

his warrant commanding the officer serving said writ of injunction, at the time of service, to take possession and custody of any articles or property used or employed contrary to law. The officer shall take and hold the possession of such property until final judgment is entered, or until the possession of such property shall be disposed of by an order of the court or judge upon a hearing had before it for such purpose."

Section 42–0204 provides: "If a place is found, upon the judgment of a jury, court, or judge having jurisdiction, to be a common nuisance, the sheriff . . . shall be directed to close and abate such place by taking possession thereof, together with all personal property used in keeping and maintaining such nuisance, and to close the same against use by anyone, and to keep it closed for a period of one year from the date of the judgment decreeing it to be a common nuisance."

The foregoing statutes are cognate statutes and must be read and considered together. Thus read and considered, it is clear that a building such as is here involved used as a home and habitation by the petitioner can only be taken possession of and closed after judgment has been entered decreeing it to be a common nuisance. We can find no provision in the statutes authorizing proceedings such as were followed in the issuance of the injunctional warrant of which the petitioner complains.

The premises here in question were the dwelling house and home of the petitioner. "A structure fit for the habitation of human beings cannot be a nuisance per se. It can only become a nuisance by virtue of inherent unsafety or through some harmful or illegal use. Where illegal use is relied upon to establish it to be a nuisance, that use must be adjudicated as a fact. When an appropriate judgment is entered to that effect, it may then be promptly abated or otherwise dealt with according to law. Not being a nuisance per se, however, it cannot be treated as such for purposes of abatement prior to such adjudication." State ex rel. Herigstad v. McCray, 48 ND 625, 186 NW 280, 22 ALR 530. See also in this connection State ex rel. McCurdy v. Bennett, 37 ND 465, 163 NW 1063, LRA1917F 1076.

It follows that the action of the district court in issuing the

injunctional warrant was contrary to law and constituted a violation of the petitioner's constitutional rights as asserted by her. Accordingly, the order directing the issuance of the injunctional warrant will be and is vacated and set aside, the warrant discharged and the respondents will be and are restrained from further interference with the premises in question until after the trial of the action to abate the alleged nuisance. The temporary injunction, however, heretofore referred to and of which the petitioner does not complain will remain operative and in effect.

The application for the writ must be granted. It is assumed the respondents will act in conformity with the foregoing opinion without the issuance of a formal writ.

GRIMSON, MORRIS, CHRISTIANSON and BURKE, JJ., concur.