[File No. 7291]

STATE OF NORTH DAKOTA EX REL E. T. CHRISTIAN-SON, as Attorney General of the State of North Dakota, and as a member of the State Committee for the Reorganization of School Districts, and Eugene Benzmiller, Ogden E. Rose, Chas. Hutchinson, Lawrence Buhr and Nathan Idso, as members of the Board of Education of the Reorganized Ayr Special School District #72 of Cass County, North Dakota, Petitioners, v. THE DISTRICT COURT OF CASS COUNTY, NORTH DAKOTA, First Judicial District and Honorable Albert Lundberg, as Presiding Judge thereof sitting at the special request of Honorable John C. Pollock, Judge of said court, Respondents.

STATE OF NORTH DAKOTA EX REL E. T. CHRISTIAN-SON, as Attorney General of the State of North Dakota, and as a member of the State Committee for the Reorganization of School Districts, and William Guy, Lester Chaffee, Arthur Roden, Percy Knight and Rolland Brandt, as members of the Board of Education of the Reorganized Amenia Common School District #43 of Cass County, North Dakota, Petitioners, v. THE DISTRICT COURT OF CASS COUNTY, NORTH DAKOTA, First Judicial District and Honorable Albert Lundberg, as Presiding Judge thereof sitting at the special request of Honorable John C. Pollock, Judge of said court, Respondents.

STATE OF NORTH DAKOTA EX REL E. T. CHRISTIAN-SON, as Attorney General of the State of North Dakota, and as a member of the State Committee for the Reorganization of School Districts, and Lester Zimmerman, Joseph A. Sherman, Harry B. Farnham, Mrs. Fred Williams and Charles Lien, as members of the Board of Education of the Reorganized Arthur Special School District

#88 of Cass County, North Dakota, Petitioners, v. THE DISTRICT COURT OF CASS COUNTY, NORTH DAKOTA, First Judicial District and Honorable Albert Lundberg, as Presiding Judge thereof sitting at the special request of Honorable John C. Pollock, Judge of said court, Respondents.

STATE OF NORTH DAKOTA EX REL E. T. CHRISTIANSON, as Attorney General of the State of North Dakota, and as a member of the State Committee for the Reorganization of School Districts, and Clarence Steinweg, Allen Mickelson, Clarence Jermstad, Robert J. Schroeder and Clark L. Fredrickson, as members of the Board of Education of the Reorganized Davenport Special School District #91 of Cass County, North Dakota, Petitioners, v. THE DISTRICT COURT OF CASS COUNTY, NORTH DAKOTA, First Judicial District and Honorable Albert Lundberg, as Presiding Judge thereof sitting at the special request of Honorable John C. Pollock, Judge of said court, Respondents.

STATE OF NORTH DAKOTA EX REL E. T. CHRISTIANSON, as Attorney General of the State of North Dakota, and as a member of the State Committee for the Reorganization of School Districts, and Wayne Lauritsen, J. L. Burnham, Ward Sheldon, Roy Murray and Hugo Hoffman, as members of the Board of Education of the Reorganized Wheatland Common School District #18 of Cass County, North Dakota, Petitioners, v. THE DISTRICT COURT OF CASS COUNTY, NORTH DAKOTA, First Judicial District and Honorable Albert Lundberg, as Presiding Judge thereof sitting at the special request of Honorable John C. Pollock, Judge of said court, Respondents.

(51 NW2d 347)

Opinion filed January 2, 1952

.Honorable *E. T. Christianson*, Attorney General, and *Ralph F. Croal, Roy K. Redketze*, and *Manfred Ohnstad* for relators.
*Bangert & Bangert*, for respondent. ,
*Leland J. Smith*, Assistant State's Attorney of Cass County in·behalf of the County Auditor of Cass County.

PER CURIAM. The petitioners in the above entitled proceeding applied for supervisory writs directed to the District Court of Cass County, North Dakota, and Honorable Albert Lundberg, Special Judge, to control the acts of said court with respect to certain matters and determinations of said court which will be more specifically set out.

This court issued an order directing the respondent to .show cause before the court on the 28th day of December, 1951, at

ten o'clock a.m., why this court should not issue an appropriate writ in each of said proceedings. At the designated time the return of the respondent was made whereby the records of the district court were presented. The respondent was represented by Bangert & Bangert, attorneys of Fargo, North Dakota, and the petitioners were represented by Hon. E. T. Christianson, Attorney General of the State of North Dakota; Ralph F. Croal and Roy K. Redetzke, both of Fargo; and Manfred R. Ohnstad, of West Fargo. Leland J. Smith, Assistant State's Attorney of Cass County, appeared in behalf of the county auditor of Cass County. The records, briefs, and argument of counsel disclosed a situation that made appropriate the exercise of the supervisory jurisdiction of this court and the exercise of superintending control under the provisions of Sections 86 and 87 of the North Dakota Constitution. State ex rel. Johnson v. Broderick, 75 ND 340, 27 NW2d 849.

Prior to July 1, 1951, steps were taken under the provisions of Chapter 15-53 NDRC 1949 Supp to reorganize certain school districts of Cass County which resulted in the purported creation of five reorganized districts designated as Ayr Special School District Number 72, Amenia Common School District Number 43, Arthur Special School District Number 88, Davenport Special School District Number 91, and Wheatland Common School District Number 18.

Subsequent to July 1, 1951, special elections were held in each of said districts resulting in the purported election of a school board in each of said reorganized school districts. These school boards proceeded to organize and operate public schools within their respective districts. They also prepared and filed budgets with the county auditor of Cass County as the bases for levying taxes for the year 1951 for the support of the schools within the respective reorganized school districts.

About the first of September, 1951, actions were instituted in each of the reorganized school districts against the elected members of their respective school boards, the superintendent of schools and the county auditor of Cass County attempting to challenge the validity of the organization of the school dis-

tricts and the validity of the elections in which the purported school boards were elected. The plaintiffs in these actions sought injunctive relief and Honorable John C. Pollock, Judge of the District Court of Cass County, issued an order to show cause on September 19, 1951, why certain injunctive relief should not be granted and in each case he ordered "That until said hearing upon said Order to Show Cause, you are hereby enjoined and restrained from taking any further steps in connection with the reorganization" of the respective school districts. Honorable John C. Pollock then requested Honorable Albert Lundberg to preside in said actions and all subsequent proceedings have been had before Judge Lundberg.

As far as the record before us here shows, no orders have been made by Honorable Albert Lundberg. On December 15, 1951, he issued a "PARTIAL MEMO" in which he recites that he was acting in these cases at the request of Judge Pollock and that voluminous briefs and records had been submitted and he indicates that he has not had the time to give proper consideration "of even the limited question of whether the temporary injunctions granted by Judge Pollock . . . should be maintained . . . ." He then mentions the urgency of spreading the necessary taxes so that the schools involved would be able to continue in operation. He discusses the question of whether the new boards should take over as the governing bodies of the reorganized districts and submit budgets which would be the bases for levying taxes. He reaches the conclusion that the board of a reorganized district cannot be elected at a special election and says: "we think it clear that the legislative intent expressed in said Sec 22 and the following Sec 23 is that the new Board in a reorganized district can only be validly elected at the *regular annual* school election, which comes on the first Tuesday in June (15–2403 & 15–2803) and that even then such new board does not take over as a governing body until the succeeding July 1st; that in the meantime the old Boards continue to function, subject to certain restrictions by the County Committee so that they cannot 'sabotage' the pending change; that only after 'final' approval of the reorganization would the plan

be operative and the new Board take over —— on the succeeding July 1st."

In the remaining part of his partial memo the trial court holds that the new boards, despite the illegality of their election, may operate the schools in the reorganized districts as de facto boards.

On December 24, 1951, the respondent court issued a "SUPPLEMENTAL MEMO SCHOOL REORGANIZATION CASES—CASS AND STEELE COUNTIES." It is clear from the two memos of the trial court that he intends to issue an order that will bring about the result that the old boards of the districts that are incorporated in the reorganized districts are the proper boards to prepare and file with the county auditor budgets that will be the bases for levying the 1951 school taxes, while the boards elected in the reorganized districts will operate the schools and perform the duties incident thereto. This proposed order of the trial court which would direct the old boards to function in part and the new boards to function also in part, is not conducive to the orderly operation and government of school districts and will necessarily result in detriment to the schools involved. Public interest requires that such a result be avoided, and there being no other speedy remedy available, the exigency thus created impels us to exercise the superintending control vested in this court by the constitution.

The error which apparently has induced the trial court to propose to order both the old and the new boards to function each in part within the same territory arises from a misconstruction of the statutes with reference to the election of school boards at the first election in the reorganized districts. Section 15–5322 NDRC 1949 Supp provides for the election of school boards in reorganized districts. At the first election in a newly reorganized district constituting a common school district the provisions of Sections 15–2401, 15–2402, and 15–2409 NDRC 1943 govern. These sections clearly require the calling of a special election by the county superintendent of schools for the purpose of electing the first school board of a new district.

Section 15–5322 NDRC 1949 Supp provides that where a re-

organized district constitutes a special school district the election shall be governed by the provisions of Sections 15–2801 and 15–2802. The first section referred to clearly contemplates the calling of a special election for the election of the first board for a special school district. It provides: "Such elections shall be held in the same manner and upon the same notice as other elections in special and common school districts respectively are held."

Not only does the trial court entertain the view that new boards in reorganized districts can only be validly elected at regular annual school elections, but he also states "even then such new board does not take over as a governing body until the succeeding July 1st;" thus indicating that he believes that the new boards must wait until July 1 following their election before becoming the governing bodies of their districts. Upon this point Section 15–5322 NDRC 1949 Supp provides that the boards in the newly reorganized districts shall not enter upon their duties until the time specified in Section 22 of the act. We agree with the trial court that the reference to "Section 22" is clearly an error resulting from the changing of numbers of the paragraphs during the passage of the act and that the provision should read "Section 23" which is Section 15–5323 NDRC 1949 Supp. and states: "Any reorganization plan voted upon and approved shall become operative and effective on the first day of July succeeding final approval of the same."

When applying this section under the reference to it in Section 15–5322 NDRC 1949 Supp. regarding the time when new boards shall enter upon their duties, it is clear to us that new boards may not enter upon the duties of their office until the first day of July succeeding the approval of the reorganization plan and this section has no application to the date of the election of the board. This construction is strengthened by a reference to Section 15–2401 NDRC 1949 Supp. which specifically refers to districts that have been established in accordance with Chapter 15–53 NDRC 1949 Supp. wherein it is strongly implied that the members of the board may be elected at special elections to serve until subsequent annual elections. We construe

Section 15–5322 NDRC 1949 Supp. to authorize the election of school boards of newly organized districts at special elections and a board so chosen at such an election enters upon its duties on the first day of July succeeding the final approval of the reorganized district. Where final approval of a district is had before July first and its board is elected at a special election held after July first as in these cases, the board may organize and enter upon its duties forthwith.

In view of statements made during oral argument concerning the discontinuance or disestablishment of local schools, we would call attention to Section 15–53221 NDRC 1949 Supp. which provides in part: "Each common school in the local districts included in reorganized school districts shall be kept in session as provided by law, except that any school may be discontinued when the people in the old district where the school is located, by a majority vote, approve its closing, or when a petition requesting that the school is discontinued is signed by two-thirds of the electors in the old district where the school is located and is presented to the school board or board of education in the reorganized district." This section would appear to afford ample protection against the anticipated danger of arbitrary closing of schools by the new boards of the reorganized districts.

His misinterpretation of the statute (Section 15–5322) led the trial court to the conclusion that because they were elected at special elections the new boards were not legally created and at best could be de facto boards. This led to the further conclusion that the old boards were still legally in office, although the new boards were actually operating the schools. He therefore proposed to make an order that the new boards should continue to operate the schools while the old boards, being de jure organizations, should provide the budgets which would be the bases for levying taxes for the support of the schools. It is obvious that such an arrangement would result in confusion, to the detriment of the schools. The plaintiffs in these various actions contend that the new districts were not legally organized and are not legally in existence. They also contend

that the school boards of the new districts were not legally elected. The trial court does not propose at this time to determine the legality of the organization of the new districts and neither do we. That is a matter to be left to be determined when the merits of the controversies are finally tried. With respect to the elections of the new boards the trial court has obviously not passed upon all of the objections to those elections, but he held that new boards could not be elected at special elections and could not take office until July first following their election. These holdings are erroneous and no doubt resulted in the proposal to order authority divided between the old and new boards. Some old districts lie partly within and partly without reorganized districts which are composed of more than one old district. Confusion and duplication can be avoided only if one board functions within the territory of the same district with authority not only to operate the schools but also to prepare budgets which will furnish the bases for levying taxes to finance their continued operation. It is clear from this record that the new boards are at least de facto boards operating as the governing bodies of de facto districts; that as such their acts not only in operating the schools but in preparing budgets for their respective districts should not be subjected to interference at this time and that they should be permitted to continue to exercise all of the functions of school boards in reorganized districts until the merits of these controversies have been determined.

The respondent judge is directed to vacate any orders he may have made that are inconsistent herewith and to refrain from taking any action not in accord with the views herein expressed, pending his disposition of the merits of these controversies.

MORRIS, C. J., and BURKE, SATHRE, GRIMSON and CHRISTIANSON, JJ., concur.