## INDEPENDENT SCHOOL DISTRICT NO. 84, REDWOOD COUNTY, v. ELMER RITTMILLER.[1]

February 1, 1952.

No. 35,731.

*Lashkowitz & Lashkowitz, Garrity & Garrity,* and *Freeman, King, Larson & Peterson,* for appellant.

*Somsen & Somsen,* for respondent.

PER CURIAM.

Plaintiff commenced an action to recover damages to its school bus in an automobile collision alleged to have resulted from defendant's negligence. Defendant made a motion to dismiss the

[1]Reported in 51 N. W. (2d) 664.

action, apparently on the ground that he had made a tender of a sum sufficient to cover the entire amount of plaintiff's claim, plus costs, and the tender had been refused. The trial court denied the motion, and defendant appealed from the order. Plaintiff now moves to dismiss the appeal on the ground that the order is not appealable.

The motion to dismiss is granted. An order denying a motion to dismiss a cause of action is not appealable. It does nothing more than retain the action for trial. It does not involve the merits of the cause of action, nor is it a final order. State v. Hansen, 183 Minn. 562, 237 N. W. 416; State v. Riebel, 166 Minn. 497, 207 N. W. 631; Fitzgibbins v. Yennie, 132 Minn. 473, 157 N. W. 114; Pillsbury v. Foley, 61 Minn. 434, 63 N. W. 1027.

Defendant contends that when a tender is made under M. S. A. 546.41 and is refused the action must be dismissed. This section reads:

"If the action be for the recovery of damages for a tort, instead of the offer of judgment provided for in section 546.40, the defendant may tender a sum of money as damages or compensation, together with costs then accrued. If such tender be not accepted, the plaintiff shall have no costs unless he recover more than the sum tendered; and the defendant's costs shall be deducted from the recovery, or, if they exceed the recovery, he shall have judgment for the excess. The fact of such tender having been made shall not be pleaded or given in evidence."

This statutory provision does not change the rule respecting the appealability of an order denying a motion to dismiss. The consequences resulting from a refusal of a tender are set forth in the statute. No further interpretation is necessary.

Appeal dismissed.