Paul SCHAFF, Plaintiff and Respondent,

v.

**J. K. KENNELLY and Mary Kennelly,**
Defendants and Appellants.

No. 7499.

Supreme Court of North Dakota.

April 1, 1955.

J. K. Murray, Bismarck, for plaintiff and respondent.

Kelsch & Scanlon, Mandan, for defendants and appellants.

GRONNA, District Judge.

Defendants, Kennelly, seek to appeal from an interlocutory order of the district court of Morton county denying three motions made by them, to-wit:

(1) A motion for judgment on the pleadings; and

(2) A motion for dismissal of the action on the merits, and with prejudice, (and without a trial on the merits) because this is, *allegedly*, a second action upon a former adjudication, Schaff v. Kennelly, N.D., 61 N.W.2d 538, whereby plaintiff and respondent's cause of action herein became res judicata; and

(3) A motion for the issuance by said trial court of an order certifying controlling questions of law to this, the Supreme Court, for final review and determination, pursuant to the provisions of R.C.1943, chapter 32–24, the source of which is Laws 1919, chapter 2, 1925 Supp. §§ 7849b1 to 7849b3, and District Court Rule no. 17.

Respondent, Schaff, moves that this court dismiss this attempted appeal be-

cause said interlocutory order is not appealable. Such motion to dismiss this appeal must be granted, and accordingly we cannot in any manner pass upon the merits of this action, or determine the questions raised and discussed in the briefs concerning the merits. Wall v. First National Bank, 49 N.D. 703, 193 N.W. 51. So far as the merits of this action are concerned, they are not before us, and still remain pending in the court below, the district court. Ostlund v. Ecklund, 42 N.D. 83, at page 86, 171 N.W. 857, at page 858.

Interlocutory orders are not appealable unless made so by statute. Ostlund v. Ecklund, supra; Ferguson v. Jensen, 76 N.D. 647, 38 N.W.2d 560; Union Brokerage Co. v. Jensen, 74 N.D. 154, 20 N.W.2d 343. Appeals from interlocutory orders are entirely the creation of statute, and will lie only in the cases authorized by the statute, R.C.1943, § 28–2702, Comp.Laws 1913, § 7841. Stimson v. Stimson, 30 N.D. 78, 152 N.W. 132; Union Brokerage Co. v. Jensen, supra; Schillerstrom v. Schillerstrom, 74 N.D. 761, at page 762, 24 N.W.2d 734, at page 735; Zenker v. Winder, N.D., 68 N.W.2d 671. See Stormon v. District Court, 76 N.D. 713, at page 718, 38 N.W. 2d 785, at page 787; Neff: The "Reviewable Orders" Statute (1952) 28 N.D.L.Rev. 186; Cunningham: Appealable Orders in Minnesota (1953) 37 Minn.L.Rev. 309.

We are not concerned with the question of whether the order herein is *"reviewable"* upon an appeal from a judgment, R.C.1943, § 28–2728; Stormon v. District Court, supra, 76 N.D. at page 718, 38 N.W.2d at page 787; Neff: The "Reviewable Orders" Statute, supra, p. 186, for the obvious reason that this action has not been tried on its merits. The issue before us is whether the order is *appealable*.

R.C.1943, § 28–2801, defines an *"Order"* thus:

"Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order."

R.C.1943, § 28–0901, defines a *"Judgment"* thus:

"A judgment is the final determination of the rights of the parties in an action."

In North Dakota there are no judgments other than final judgments. Universal Motors v. Coman, 73 N.D. 337, 15 N. W.2d 73.

Insofar as respondent's motion to dismiss this appeal is concerned, it makes no difference that the three motions were denied in a single order rather than several orders, because an order appealable in part and nonappealable in part will present for review that part which is appealable. See Marty v. Nordby, 201 Minn. 469, 471, 276 N. W. 739, 740, quoted in Cashen v. Owens, 225 Minn. 25, 29 N.W.2d 440, 442.

Inasmuch as all appeals are statutory, and R.C.1943, § 28–2702, supra, enumerates and specifies what orders are appealable to the Supreme Court, we must examine such statute to determine whether, with respect to one or more of the three motions, such interlocutory order is of a kind which is among the enumerated orders. 28–2702 embraces seven subdivisions or paragraphs numbered from 1 to 7. Subdivisions numbered 2, 3, 4, 6 and 7 may be dismissed from consideration without comment, because they are obviously inapplicable to the order in question. The remaining subdivisions read as follows:

"The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

\* \* \* \* \* \*

"5. An order which involves the merits of an action or some part thereof; \* \* \*."

The Honorable J. H. Newton, Clerk of the North Dakota Supreme Court, has published an article in 27 N.D.L.Rev. 155 (April, 1951) entitled "Appellate Practice and Procedure in North Dakota," and at pages 161 and 162 there is an enumeration of appealable and nonappealable orders.

■ Under subdivision 1 of section 28-2702, it is not enough that an order affects a "substantial right." To be appealable under subdivision 1, two other elements are made essential, namely, the order must be of a certain character and have a certain effect upon the action, to-wit: first, it must be an order which "in effect determines the action", and, second, must so operate as to prevent "a judgment from which an appeal might be taken." Zenker v. Winder, supra; Persons v. Simons, 1 N.D. 243, 46 N.W. 969; Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357; Whitney v. Ritz, 24 N.D. 576, 140 N.W. 676; Neff: The "Reviewable Orders" Statute, supra, pages 189 to 194. It is clear, insofar as subdivision 1 is concerned, that statutory permission has not been granted to appeal the kind of an interlocutory order here in question.

■ The remaining question is whether the appeal can be upheld under subdivision 5, supra, and based upon our construction thereof in previous cases we conclude that it cannot be upheld and must be dismissed. The crucial question in previous cases was whether the order "involves the merits", and a solution of this question necessitated a construction of the meaning of such phrase. An order which "involves the merits", within the meaning of the statute, must be decisive of the question involved in the cause or of some strictly legal right of the party appealing as distinguished from mere questions of practice. Hauser v. Security Credit Co., 66 N.D. 399, 406, 266 N.W. 104, 107; Ostlund v. Ecklund, supra, 42 N.D. at pages 84 and 85, 171 N.W. at pages 857 and 858; Ferguson v. Jensen, 76 N.D. 647, 38 N.W.2d 560;

"In short, the statute impliedly contains a distinction between those orders which affect a *substantive* right of the

parties to an action, and those orders which affect a right which is merely *procedural* in character." Neff: The "Reviewable Orders" Statute, supra, 28 N.D.L.Rev. 186 at 199.

■ We have construed the phrase "an order which involves the merits of an action or some part thereof", 28-2702, subd. 5, as embracing orders which pass upon the *substantial* legal rights of the party complaining, whether such rights do or do not relate directly to the cause of action or subject matter in controversy. Hauser v. Security Credit Co., supra, 66 N.D. at page 406, 266 N.W. at page 107; Ostlund v. Ecklund, supra, 42 N.D. at page 85, 171 N.W. at pages 857 and 858; Northern Pacific R. Co. v. Barlow, 20 N.D. 197, 208, 126 N.W. 233, 237; 4 C.J.S., Appeal and Error, § 99, note 12, citing Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357, as does 3 C.J. 452, and 16 A.L.R. 2d 1037 and 1 A.L.R.2d 425.

■ On the other hand, an order is not appealable under such a provision as subdivision 5, supra, unless, in effect, it finally determines some positive legal right of appellant relating thereto. 4 C.J.S., Appeal and Error, § 99, note 13; Ostlund v. Ecklund, supra; 2 Am.Jur., Appeal and Error, sec. 21; 14 A.L.R.2d 462 and 467; 37 A.L.R. 2d 591.

"An order which leaves the point involved still pending before the court, and undetermined, does not involve the Merits." Ferguson v. Jensen, supra, 76 N.D. at page 650, 38 N.W.2d at page 562.

" 'Where statutes allow an appeal from interlocutory orders "affecting a substantial right" or "involving the merits," an order in the nature of a final judgment decisive of some question or point in the case is meant, as distinguished from mere rulings on matters of practice arising during the progress of the cause.' 2 Encyclopedia Pl. & Pr. 75." Ostlund v. Ecklund, supra, 42 N.D. at page 84, 171 N.W. 857; In re Glavkee's Estate, 75 N.D. 118, 122, 25

N.W.2d 925; Burdick v. Mann, 59 N.D. 611, 615, 231 N.W. 545.

Applying the foregoing principles, we held, in Wall v. First National Bank, supra, 49 N.D. 703, 193 N.W. 51, that a motion for judgment on the pleadings does not come within the "merits subdivision", 28–2702, subd. 5, and such ruling was reaffirmed in Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co, 51 N.D. 745, 200 N.W. 1013, and in Ferguson v. Jensen, supra, 76 N.D. at pages 650 and 651, 38 N.W.2d 560 at pages 561 and 562. See 14 A.L.R.2d 467, citing the first two cases, and stating that Wall v. First Nat. Bank, supra, followed McMahon v. Davidson, 1867, 12 Minn. 357, 12 Gil. 232, cited in Ferguson v. Jensen, supra, 76 N.D. at page 651, 38 N.W.2d at page 562, wherein the Minnesota Supreme Court held that an order denying a motion for judgment on the pleadings was nonappealable under the "merits subdivision", on the ground that an order from which an appeal lies under that clause of the statute must be decisive of the question involved, or of some strictly legal right of the party appealing, and that an order which leaves the point involved still pending before the court and undetermined cannot be said to involve the merits or affect a substantial right. Such Minnesota case stated:

"The motion in this case was made on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the refusal to allow the motion did not determine the sufficiency of the pleading, or prejudice the defendant's right to raise the question at a subsequent stage of the proceedings." 14 A.L.R.2d 467.

It is the majority view, as well as our view, that, under the "merits clause", an order overruling a motion for judgment on the pleadings is not appealable. 14 A.L.R.2d 463; 2 Am.Jur., Appeal and Error, sec. 78; 4 C.J.S., Appeal and Error, § 116(8), page 225.

Likewise, we conclude that the order denying defendants' motion for dismissal of the action on the merits, and with prejudice, the action on the merits, and with prejudice, (and without a trial on the merits) is a nonappealable order. Note: In view of such conclusion, it becomes unnecessary to determine the question of practice and procedure as to whether such form of motion is proper. See Westerso v. City of Williston, 77 N.D. 251, 257, 259, 42 N.W.2d 429, 433, cited in Nicholson v. Roop, N.D., 62 N.W. 2d 473, 476; R.C.1943, §§ 28–0801, 28–0803 and 28–0804.

An order denying a motion to dismiss an action, with or without prejudice, is not an appealable order. Union Brokerage Co. v. Jensen, 74 N.D. 154, 20 N.W.2d 343, and cases cited; Burdick v. Mann, 59 N.D. 611, 231 N.W. 545, Id., 60 N.D. 710, at page 719, 236 N.W. 340, 82 A.L.R. 1443; Security Nat. Bank v. Bothne, 56 N.D. 269, 217 N.W. 148; Strecker v. Railson, 19 N.D. 677, 125 N.W. 560; Newton: Appellate Practice and Procedure in North Dakota, supra, 27 N.D.L.Rev. 161; 4 C.J.S., Appeal and Error, § 121 b., page 241; 2 Am.Jur., Appeal and Error, sec. 80; 37 A.L.R.2d 591; 14 A.L.R.2d 462; 1 A.L.R.2d 423; St. Paul Fire & Marine Ins. Co v. Bender, 153 Kan. 752, 113 P.2d 1062, 1064; Marsol Credit Co. v. Blacker, 1936, 144 Kan. 632, 62 P.2d 914, 916; See Cunningham: Appealable Orders in Minnesota, 37 Minn.L.Rev. (April, 1953) 309, 323, 331, 332, which reads commencing at 331:

"Looking to Judgment. Orders having as their direct object the ultimate entry of judgment have been held nonappealable under the third subdivision ("From an order involving the merits of the action or some part thereof:") for such orders merely seek direction that an act be done which involves the merits. That is an appeal does not lie from an order that requires subsequent action to give it effect. Consequently, no appeal can be had under this or other subdivisions * * *. (page 332) from an order denying a motion to dismiss the action, * * *." Three Minnesota cases are cited: Independent School District v. Rittmiller, 235 Minn. 556, 51 N.W.2d 664; Dady v. Peterson, 219 Minn. 198, 17 N.W.2d 322; Pills-

bury v. Foley, 61 Minn. 434, 63 N.W. 1027.

In granting the motion to dismiss, the opinion in Independent School District v. Rittmiller, supra, reads, 51 N.W.2d 664:

"An order denying a motion to dismiss a cause of action is not appealable. It does nothing more than retain the action for trial. It does not involve the merits of the cause of action, nor is it a final order."

An order overruling and denying Defendants' motion to dismiss Plaintiff's cause of action upon the merits and *with* prejudice, like an order denying a motion to dismiss *without* prejudice, does not determine the action or prevent a judgment. It not only leaves the Defendants free to conduct their defense but also permits them, after the cause has been tried upon its merits, to have a review of the order as well as to present alleged trial errors and irregularities on final appellate review. The fact that an order is not appealable does not mean that it is not reviewable. In fact, most interlocutory orders which are nonappealable may be reviewed as an incident to or as a part of the final action of the court. Stormon v. District Court, supra, 76 N.D. 713, 718, 38 N.W.2d 785, 787. R.C. 1943, § 28-2728, supra, provides specifically that:

"Upon an appeal from a judgment, the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment appearing upon the record * *."

From the foregoing principles and authorities, it also follows that the order denying certification is not an appealable order. The effect of the trial court's refusal to certify questions of law to this, the Supreme Court, was to require the determination of such questions by the district court during the trial on the merits, when such trial is held. So, such order denying certification was of procedural effect only, and it does not involve the merits, and it is not a final order, but merely an interlocutory order.

This appeal is unusual in that the appellants seek to invoke the supervisory, as well as appellate, jurisdiction of the Supreme Court. Defendants and appellants, Kennelly, seek to have this court exercise its superintending control under Const. § 86 to reach matters not included within the appellate powers. Section 86 of the North Dakota Constitution vests in the Supreme Court "general superintending control over all inferior courts." Stormon v. District Court, supra, 76 N.D. 713, 717, 38 N.W.2d 785, 786; State ex rel. Lemke v. District Court, 49 N.D. 27, 186 N.W. 381; Newton: Appellate Practice and Procedure in North Dakota, supra, 27 N.D.L.Rev. 155, 158 and 159; Crum: The Writ of Certiorari in North Dakota (July, 1951) 27 N.D.L. Rev. 271, 286 to 292. The Supreme Court has very broad powers in the exercise of its superintending control over the proceedings of inferior courts. This superintending jurisdiction enables the supreme court to control a lower court which, though within its jurisdiction, is, by mistake of law or wilful disregard of it, doing a gross injustice, and there is no adequate remedy by appeal. State ex rel. Lemke v. District Court, supra, and comment thereon in 27 N.D.L.Rev., supra, at pp. 158, 286 and 287; State ex rel. Shafer v. District Court, 49 N.D. 1127, 194 N.W. 745; State ex rel. Jacobson v. District Court, 68 N.D. 211, 277 N.W. 843; State v. First State Bank, 52 N.D. 231, 257, 202 N.W. 391; State ex rel. Red River Brick Corp. v. District Court, 24 N.D. 28, 32, 138 N.W. 988. Although we do not recall an instance in which it has exercised superintending control other than in an original proceeding, jurisdiction to issue writs necessary and proper to the complete exercise of its appellate jurisdiction is granted to the Supreme Court by the Constitution, § 86. See cases cited above and also Haaland v. Verendrye Electric Cooperative, N.D., 66 N.W.2d 902, 908; Newton: Appellate Practice and Procedure in North Dakota, supra, p. 158. However, it should be remembered that such power of superin-

tending control is separate, independent, and distinct from the appellate jurisdiction. State ex rel. Jacobson v. District Court, supra, 68 N.D. at page 219, 277 N.W. at page 846; State v. First State Bank, supra, 52 N.D. at page 259, 202 N.W. at pages 402, 403; State ex rel. Red River Brick Corp. v. District Court, supra, 24 N.D. at page 32, 138 N.W. at pages 989, 990; 12 A.L.R. 1358 and 1359.

■ Appellants, Kennelly, seek to have this court exercise its superintending control over the presiding judge of the district court of Morton County through its supervisory writ directing such judge to dismiss plaintiff's action upon the merits, with prejudice, on the ground that this action is res judicata by reason of a former adjudication in Schaff v. Kennelly, supra, 61 N.W.2d 538. Inasmuch as the case at bar is a civil action involving private rights, namely, an action for the recovery of money damages, such trial judge is, obviously, not a party to this action, and is neither a necessary nor proper party thereto. He can only be made a party in an original proceeding for a supervisory writ, and obviously such presiding judge is a necessary party to such a proceeding. Since he is neither a necessary nor proper party to the case at bar, appellants must make an *original* application for a supervisory writ directed to such judge and court if they would have their application for superintending control considered by this Court. Newton: Appellate Practice and Procedure in North Dakota, supra, 27 N.D.L.Rev. at 159; State ex rel. City of Minot v. Gronna, 59 N.W.2d 514; State ex rel. Christianson v. District Court, 78 N.D. 541, 542, 51 N.W.2d 347; Simpson v. District Court, 77 N.D. 189, 42 N.W.2d 213; Stormon v. District Court, supra; State ex rel. Jacobson v. District Court, supra; 21 C.J.S., Courts, § 435, page 690; 15 C.J. 1104; 14 Am.Jur., Courts, secs. 264 to 274; 112 A.L.R. 1368; 20 L.R.A.,N.S., 942; 51 L.R.A. 33 to 112. See State ex rel. Conrad v. Langer, 68 N.D. 167, 184, 277 N.W. 504, 513 and 514.

Appeal dismissed and application for supervisory writ denied.

BURKE, C. J., and SATHRE, JOHNSON, and GRIMSON, JJ., concur.

MORRIS, J., deeming himself disqualified did not participate. Honorable A. J. GRONNA, Judge of Fifth Judicial District, sitting in his stead.