**J. K. KENNELLY and Mary Kennelly, Petitioners,**

v.

**The Honorable Mark H. AMUNDSON, one of the Judges of the District Court in and for Morton County, Sixth Judicial District, State of North Dakota, Respondents.**

No. 7529.

Supreme Court of North Dakota.

Aug. 25, 1955.

Kelsch & Scanlon, Mandan, for petitioners.

J. K. Murray, Bismarck, for respondents.

BURKE, Chief Justice.

By his petition in this case, petitioner seeks to invoke the supervisory jurisdiction of this court to review certain interlocutory

orders of the District Court of Morton County.

The orders in question were entered in the case of Schaff v. Kennelly which is an action, now pending in the District Court of Morton County, to recover damages for alleged fraud in the negotiations leading to the execution of a contract for the sale of real property. Prior to the institution of the present action between the parties, Schaff had sued Kennelly for the return of the down payment made by him upon the execution of such contract. In that action he had alleged that he had rescinded the contract by giving a statutory notice of rescission on the ground of fraud, as a basis for his suit. The defendant Kennelly by answer denied the legal sufficiency of the notice of rescission and the fraud. By cross complaint he demanded a cancellation of the contract upon the ground of plaintiff's default. Trial of the action resulted in a verdict for the plaintiff. The trial court however granted judgment notwithstanding the verdict in favor of the defendant for the dismissal of plaintiff's claim and for the cancellation of the contract. Upon appeal of that judgment to this court, the judgment was affirmed. Schaff v. Kennelly, N.D., 61 N.W.2d 538. This court's decision in the case was founded chiefly upon the court's conclusion the plaintiff's attempted rescission was insufficient to constitute a rescission as a matter of law. Schaff v. Kennelly, supra, 61 N.W.2d at page 549.

Plaintiff thereafter commenced the pending action to recover damages on the ground of fraud. This action rests upon the identical contract and state of facts which were involved in the prior action. Defendant demurred to plaintiff's complaint. The demurrer was overruled. Thereafter defendant answered denying all of the allegations of fraud and deceit, setting up affirmative defenses of election of remedies, res judicata, waiver and estoppel and alleging that the action was purely vexatious and a fraud on the administration of justice. After answer plaintiff moved for judgment on the pleadings or for the certification of certain controlling questions of law to the Supreme Court for its decision thereon. Both mo-

tions were denied. Defendant then appealed from the orders denying such motions and this court dismissed the appeals on the ground the orders appealed from were not appealable orders. Schaff v. Kennelly, N.D., 69 N.W.2d 777.

Plaintiff then filed the instant petition seeking a review of the same orders by the exercise of this court's supervisory jurisdiction. We are satisfied that the petition does not present a case which would justify the exercise of the power of superintending control. The only detriment which the plaintiff will suffer by virtue of the orders of the District Court will be that he will be forced to go to trial upon the merits of the case. If the judgment upon that trial is adverse, he may appeal from the judgment and upon that appeal he may have the correctness of the orders he now complains of, reviewed.

With respect to petitioner's detriment and available remedies his situation is in all respects identical with that of the petitioner in the case of Stormon v. District Court, 76 N.D. 713, 38 N.W.2d 785, and we are of the view that our opinion in that case is controlling here. In that case we said, 76 N.D. 718, 719, 38 N.W.2d 785, 787:

"Every right which the proponent claims, can be presented and adjudicated in the ordinary course of procedure. Trial, verdict, judgment, and appeal afford him an adequate remedy by which he may reach a final juridical determination of the litigation. There is no emergency in the sense that a lapse of time might endanger or defeat the ends of justice. * * * No irreparable injury is apparent, in fact, none is claimed other than the inconvenience and expense of another trial. Convenience in securing a determination and the acceleration of the progress of the litigation while in themselves worthy do not warrant us in exercising superintending control and thus in effect providing a direct appeal where no such appeal has been provided by statute. Where as in this case there is no emergency and no great hardship is appar-

ent, our exercise of superintending control would be inconsistent with the evident intention of the legislature which provided no direct appeal from the order in question."

To hold that the detriment of having to go to trial is a detriment sufficient for a party to invoke the power of superintending control would be to say that superintending control may be used as a substitute for appeal from many intermediate orders which are not appealable under our statutes.

The petition is denied.

GRIMSON, JOHNSON and SATHRE, JJ., concur.

MORRIS, J., did not participate.