[File No. 6850.]

MARGARET WOOD, Appellant, v. A. P. BUCHANAN, as Superintendent of the State School for the Deaf and Dumb, and M. I. Forkner, R. H. Sherman, J. D. Harris, Arthur E. Thompson, and Math Dahl, as the Board of Administration of the State of North Dakota, Respondents.

(5 NW (2d) 680.)

Opinion filed September 18, 1942.

*Sinness & Duffy,* for appellant.

*A. C. Strutz,* Attorney General, and *P. O. Sathre,* Assistant Attorney General, for respondents.

CHRISTIANSON, J. Plaintiff brought this action against the superintendent of the State School for the Deaf and Dumb and the members

of the state board of administration to compel them to reinstate her as an employee and instructor at the said State School for the Deaf and Dumb. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appeals to this court.

The complaint, the sufficiency of which is the sole question here, is as follows:

"The plaintiff alleges:

"1. That during the past thirteen years she has been regularly and continuously employed in the State School for the Deaf and Dumb at Devils Lake, North Dakota, as an instructor and housemother and that she has been receiving the sum of Ninety-six Dollars and Thirty-four Cents per month as wages, besides her board and room at said institution.

"2. That the defendant, A. P. Buchanan, is the duly appointed, qualified and acting Superintendent of said institution.

"3. That the defendants, M. I. Forkner, R. H. Sherman, J. D. Harris, Arthur E. Thompson, and Math Dahl, are the duly qualified and acting Board of Administration of the State of North Dakota.

"4. That the said institution is by law under the control and direction of the Board of Administration of the State of North Dakota and that on September 1, 1927, the said Board of Administration adopted the following resolution:

" 'That in accordance with § 6 of Chapter 71 of the Session Laws of 1919 no officer or instructor in any of the penal and charitable institutions shall be summarily dismissed after having been employed in the institution for a period of three or more years until the head of the institution has first submitted to the Board in writing a statement of the reasons for such dismissal and has received the sanction of the Board as to the validity of these reasons.

" 'Be it further resolved, that the Board of Administration reserves the right in such cases of recommended dismissals, to grant a hearing to the party or parties recommended for dismissal.' and that said resolution is still in full force and effect.

"5. That during her employment at said school the plaintiff has had a written contract only for one year and that otherwise she has

continued in her employment from year to year pursuant to a continuous employment subject to dismissal as outlined in the resolution set forth in paragraph 4 hereof; that at the close of the school year in 1941 she discussed with the defendant A. P. Buchanan, plans and arrangements for her work at the opening of school in the fall of 1941 and that said defendant did not inform her or intimate that her services were no longer required and that she went home to Arkansas for the summer vacation relying upon the practice that had prevailed during the past several years that she would continue as an employee and instructor at said school.

"6. That on July 1, 1941, the defendant, A. P. Buchanan, by letter, notified the plaintiff that her services at said school were dispensed with and that she would not be re-employed for the ensuing school year.

"7. That said defendant did not submit a statement of the reasons for such dismissal to the Board of Administration and did not receive the sanction of the Board to such dismissal and that said defendant acted contrary to the provisions of the aforesaid resolution.

"8. - That changes in the staffs of deaf schools and the hiring of new instructors ordinarily occur during the spring of the year and that substantially all such employment is closed before July 1 and that by reason of the delay in notifying the plaintiff that she was to be dismissed the plaintiff was unable to procure other similar employment during the school year of 1941–1942 and that the plaintiff is not qualified or equipped for other employment. All of which was well known to the defendants.

"9. That prior to the commencement of the school year for 1941–1942 the plaintiff caused the defendants to be notified that she was not recognizing her dismissal but was holding herself in readiness to enter upon her duties as an employee and instructor at said school but that the defendants failed to notify her of the opening of school and that on the contrary the defendant A. P. Buchanan filled her position with another employee and the Board of Administration notified the plaintiff that such position had been filled by the said defendant A. P. Buchanan and that accordingly she would not be permitted to perform her duties or to enter upon her employment; that the plaintiff has at

all times been, and now is, ready, willing, and able to enter upon the performance of her duties as an employee and instructor at said school.

"10. That the defendants have failed and refused to certify the plaintiff as an employee and instructor of the said institution or to provide for the payment to her of her salary as such employee and instructor thereof.

"Wherefore, The plaintiff demands judgment against the defendants as follows: ·

"1. That the plaintiff be re-instated as an employee and instructor at the said State School for the Deaf and Dumb.

"2. That the defendants be required to certify the plaintiff as an employee and instructor at said School and that they be required to place her name upon the pay roll and to do such other and further acts as may be necessary to enable her to collect her salary as such employee and instructor.

"3. That she have such other and further relief as to the court shall appear just, including her costs and disbursements herein."

The board of administration has general supervision of the School for the Deaf and Dumb. Section 1685, Comp. Laws 1913, provides: "Such board shall have general supervision of the institution, adopt rules for the government thereof, employ and fix the salaries of all employees, provide necessaries for the institution and perform other duties, not devolving upon the principal, necessary to render it efficient and to carry out the provisions of this article."

Section 1692, Comp. Laws 1913 provides that the officers of the Institution shall be a principal and a matron, and that the principal "may recommend and with the approval of the board employ all assistants needed therein."

Section 6, chapter 71, Laws 1919, provides: "Said board shall make all necessary rules and regulations for its own official procedure and for the general administration, supervision and management of the various penal, charitable and educational institutions . . . and may require the performance of additional duties by the officials of the several institutions so as to fully enforce all the requirements, intents and purposes of this act. . . ."

It is the contention of the defendants: (1) That the complaint

fails to show the existence of any contract of employment; and, (2) that even though the complaint shows the existence of a contract of employment, and the breach thereof by the defendants, this does not entitle plaintiff to maintain an action to compel or require the defendants to reinstate the plaintiff as an instructor in the school.

Plaintiff's counsel lays great stress upon the resolution of the board of administration set forth in ¶ 4 of the complaint, and contends that by virtue thereof plaintiff had a contract of employment for an indefinite period, and that such contract would continue in force until she was dismissed pursuant to written charges submitted by the superintendent of the school to, and approved by, the board of administration. We are unable to agree with this contention. Under the statute, the power to employ teachers and other employees in the school, and to fix their salaries, is vested in the Board of Administration. Comp. Laws 1913, § 1685. The superintendent might recommend teachers and employees, but he could employ only with the approval of the board. Comp. Laws 1913, § 1692. The Board was authorized to "make all necessary rules and regulations for its own official procedure and for the general administration, supervision and management" of the school. Laws 1919, chap. 71, § 6. The regulation embodied in the resolution on which plaintiff relies limited the power of the superintendent as to the dismissal or discharge of instructors who had "been employed in the institution for a period of three or more years." The superintendent was denied power to "summarily dismiss" any such instructor without first submitting to the Board in writing a statement of the reasons for such dismissal, and obtaining "the sanction of the board as to the validity of these reasons." The board reserved "the right in such cases of recommended dismissals, to grant a hearing to the party or parties recommended for dismissal."

The complaint alleges "that during the past thirteen years the plaintiff has been regularly and continuously employed in the school as an instructor and housemother and that she has been receiving the sum of ninety-six dollars and thirty-four cents per month as wages, besides her board and room." "That during her employment at said school the plaintiff has had a written contract only for one year and that otherwise she has continued in her employment from year to year pursuant

to a continuous employment subject to dismissal as outlined in the resolution set forth in paragraph 4" of the complaint.

In plaintiff's brief it is said: "Hers was a continuous employment for an indefinite period, subject to dismissal upon charges approved by the Board of Administration."

In this country a general or indefinite hiring is presumed to be a hiring at will and may be terminated at the will of either party. 39 CJ pp. 44, 71; 1 Labatt, Master & Servant, §§ 159, 160, 165. A hiring without mention of time may nevertheless imply that the employment is to continue for a certain time or until a certain object has been accomplished. 39 CJ 45–47; 1 Labatt, Master & Servant, § 165; Comp. Laws 1913, §§ 6135–6137.

In the complaint in this case it is alleged that the hiring was at a monthly wage; that there was a written contract for one year, and that the plaintiff "has continued in her employment from year to year pursuant to a continuous employment subject to dismissal" as provided in the resolution of the Board; "that at the close of the school year in 1941" the plaintiff discussed with the superintendent plans and arrangements for her work at the opening of school in the fall of 1941; that "she went home to Arkansas for the summer vacation relying upon the practice that had prevailed during the past several years that she would continue as an employee and instructor at said school. That on July 1st, 1941, the defendant Buchanan, by letter, notified the plaintiff that her services at said school were dispensed with and that she would not be re-employed for the ensuing school year;" "that prior to the commencement of the school year for 1941–1942 the plaintiff caused the defendants to be notified that she was not recognizing her dismissal but was holding herself in readiness to enter upon her duties as an employee and instructor at said school but that the defendants failed to notify her of the .opening of school and that on the contrary the defendant A. P. Buchanan filled her position .with another employee and the. board of administration notified the plaintiff that such position had been filled by the said defendant A. P. Buchanan and that accordingly she would not be permitted to perform her duties or to enter upon her employment."

When these allegations are construed most favorably to the plaintiff

they show that the original employment was for a school year at a stipulated monthly wage; that there was no subsequent express hiring, but that after the expiration of the term of hiring under the original agreement the employment continued from year to year on precisely the same terms as to wages and term of work as was provided by the original agreement. Comp. Laws 1913, § 6137; 1 Labatt, Master & Servant, §§ 231, 232; 35 Am Jur 454, 460, Master and Servant.

The resolution upon which plaintiff relies relates to the administration and management of the institution and restricted the authority of the superintendent as to the dismissal of officers and instructors who had been employed in the institution for more than three years. It did not purport to restrict the power of the Board as to the dismissal of officers and instructors. Under the statute the board of administration, and it alone, had the power to employ, and the superintendent could employ an instructor only with the specific approval of the board. In this case the school year had ended, and before the ensuing school year had commenced the plaintiff had not only been notified by the superintendent that she would not be re-employed for the ensuing school year, but the board, which had the power to employ and was her employer, had notified her that the position had been filled and that she would not be permitted to continue work during the ensuing year.

Laying on one side all question as to the authority of the superintendent to make an agreement for continuation of the employment, it is clear that the discussion which it is alleged took place between him and the plaintiff at the close of the school year did not embody the essentials of a contract for the hiring, or the continuation of the hiring, of the plaintiff. 17 CJS pp. 454, 455; 1 Williston, Contracts, Rev ed pp. 504 et seq; 35 Am Jur 452, Master and Servant.

Inasmuch as there was no contract of employment, it necessarily becomes unnecessary to consider what relief the plaintiff would have been entitled to, if there had been a contract of employment. See, however, Mootz v Belyea. 60 ND 741, 236 NW 358, 75 ALR 1347.

Order affirmed.

Burr, Ch. J., and Morris, Burke, and Nuessle, JJ., concur.