Richard SAND, Emanuel Fischer, Nick
Steckler, William Wilson, and Jacob
Wandler, Plaintiffs and Appellants,

v.

QUEEN CITY PACKING COMPANY,
Defendant and Respondent and
Cross-Appellant.

No. 7920.

Supreme Court of North Dakota.

Jan. 31, 1961.

Rehearing Denied April 19, 1961.

Lanier, Lanier & Knox, Fargo, for plaintiffs and appellants.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for defendant and respondent and cross-appellant.

STRUTZ, Judge.

This is an action brought by six plaintiffs, who are former employees of the defendant company, for damages for their alleged unlawful discharge from defendant's employment, which discharge, they claim, was because of their activity in voting to designate the Teamsters Union as the bargaining agent for the employees of the defendant packing company. The evidence discloses that the six original plaintiffs had been employed by the defendant company for various periods of time, ranging from approximately two weeks for the plaintiff Steckler to a little more than sixteen months for the plaintiffs Sand and Fischer.

Notice of an election to determine whether the Teamsters Union should be designated as bargaining agent for the employees of the defendant company was sent out shortly before September 11, 1959, the date set for such election. There is evidence to show that the president of the defendant company, on the day before the election, called in the workers who were eligible to vote and advised them of the election and also told them that the Teamsters Union had previously been designated as bargaining agent for the workers of the defendant company and that the experience of the defendant and its employees with the Teamsters Union had been very unsatisfactory. Plaintiffs' evidence further discloses that the employees were then told by the president of the defendant company that if they voted for affiliation with the Teamsters Union they, the workers, could come in and pick up their checks because the defendant company was not going to contract with that union.

The record discloses that, at the election which followed, the six workers who cast their ballots voted unanimously for union representation by the Teamsters Union. Five of the six were plaintiffs in this action. The plaintiffs' evidence shows that the day following the election the president of the defendant company called in the plaintiffs, one at a time, and asked them whether they were working with or without a union contract. When advised by each that they were "sticking with the rest of the men," each was told to pick up his check.

There was also evidence on the part of the defendant that the work of each of the plaintiffs had been unsatisfactory, which defendant testified was the reason for their discharge. Some of the defendant's witnesses, however, did admit that the president of the defendant compaany had told the workers that if the vote was for representation by the Teamsters Union they could pick up their checks because the defendant would not operate under a contract with the Teamsters Union.

The plaintiffs brought this action jointly as parties plaintiff for compensatory damages for alleged unlawful discharge and for punitive damages by way of punishment and example. Six parties joined as parties plaintiff in the complaint which was originally served. At the trial, no evidence was submitted as to the claim of the plaintiff Harvey Pechtl and, at the close of the plaintiffs' case, counsel for the plaintiffs moved for a dismissal of the complaint as to such party. This motion was not resisted by the defendant. The court then granted the dismissal, without prejudice, whereupon the defendant objected to the dismissal of Pechtl's complaint without prejudice.

The jury returned a verdict for the defendant, dismissing the complaint of the five remaining plaintiffs, who then moved for judgment notwithstanding the verdict or for a new trial. This motion was denied as to four of the five remaining plaintiffs, but a new trial was granted as to the plaintiff Jacob Wandler.

The plaintiff Wilson, who had been an employee of the defendant for only about six weeks when discharged, did not appeal from the order denying his motion for judgment notwithstanding the verdict or for a new trial. The plaintiffs Sand, Fischer, and Steckler, however, appealed from the order denying a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and the plaintiff Wandler appealed from the order of the trial court denying his motion for judgment notwithstanding the verdict, even though the trial court did grant him a new trial. The defendant has cross-appealed from the order of the trial court dismissing the complaint of the plaintiff Pechtl without prejudice, and has further cross-appealed from the order granting a new trial to the defendant Wandler.

The plaintiffs base their appeal on several alleged specifications of error, among which are the following:

That the court erred in denying the plaintiffs' motion for a directed verdict at the close of all of the evidence, and further erred in denying the plaintiffs' motion for judgment notwithstanding the verdict and in denying the motion of the plaintiffs Sand, Fischer, and Steckler, in the alternative, for a new trial; and

That the court erred in instructing the jury, in substance, that in order to find for any of the plaintiffs the jury must find that the discharge of such plaintiff resulted solely because of such plaintiff's affiliation with a labor union or solely because of his union activities.

We first consider whether the court erred in denying the motion of the plaintiffs for judgment notwithstanding the verdict and in denying the alternative motion of the plaintiffs Sand, Fischer, and Steckler for a new trial.

■ On appeal from an order denying a motion for judgment notwithstanding the verdict, the court will consider whether the appellants, on the record, are entitled to judgment in their favor as a matter of law. The record not only discloses evidence tending to establish the plaintiffs' contention that they were discharged because of their union activities but there also is evidence of inefficiency and disobedience on the part of the plaintiffs, which defendant testified was the reason for the discharge of the plaintiffs.

■ In the absence of a statute to the contrary, an employer has the right to discharge his employees for or without cause, and without any regard to their affiliation or nonaffiliation with a labor union. 56 C.J.S. Master and Servant § 28(49) p. 219.

■ This right to discharge is not in any way changed or lessened by the fact that the discharged employee, at the time of his dismissal, belonged to a labor union or was then actively engaged in labor union activities looking toward the selection of a union as bargaining agent for the workers, except as that right is limited by the provisions of Section 34–01–14 of the North Dakota Century Code, formerly Section 1 of Chapter 243 of the 1947 Session Laws. This section in no way interferes with the normal exercise of an employer's right to choose his employees, or to discharge them, with or without cause. The so-called "Right to Work" law places but one limitation upon the employer's right to discharge an employee, and that is that such discharge cannot be made "on account of" union membership or nonmembership of the employee. It has been held that membership in a labor union or union activities of an employee are no guarantee to an employee that he will not be discharged for justifiable causes. N. L. ᴛ̥. B. v. McGahey, 5 Cir., 233 F.2d 406, at page 413.

■ Thus an employer may discharge an inefficient employee, and he will not be prevented from doing so merely because such employee is engaging, or has engaged, in union activities. N. L. R. B. v. Union Pacific Stages, Inc, 9 Cir., 99 F.2d 153.

▮ Since there is nothing in the law which would deny to the employer the right to discharge a disobedient or inefficient employee and, since there is evidence in the record which would tend to show inefficiency on the part of the plaintiffs and would also tend to show disobedience on the part of some of the plaintiffs, the plaintiffs, on the record, were not entitled to a judgment in their favor as a matter of law. Therefore, the court did not err in denying the plaintiffs' motion for judgment notwithstanding the verdict.

The plaintiffs contend that the trial court erred in its instructions to the jury, particularly in giving the following instruction:

"* * * However, if you find by a fair preponderance of the evidence that the defendant discharged any plaintiff solely because of his affiliation with a labor union, such act would be an unfair labor practice, and would entitle any plaintiff so discharged, to your verdict herein.

"However, if you find that the defendant discharged any plaintiff for just cause, and not solely because of his affiliation with a labor union, then such plaintiff would not be entitled to recover herein, and your verdict should be for the defendant as against such plaintiff."

The trial court, in its memorandum opinion, cites in support of this instruction the decision of the North Carolina Supreme Court in the case of Willard v. Huffman, 247 N.C. 523, 101 S.E.2d 373. In that case, 101 S.E.2d at page 376, the North Carolina court uses the following language:

"* * * the burden is on him [plaintiff] to show by competent evidence, and by the greater weight thereof, that he was discharged solely by reason of his participation in the discussions with his fellow employees in connection with their proposed plan to join a labor union or that such participation therein was the 'motivating' or 'moving cause' for his discharge."

Reading the North Carolina decision, it is clear that, while the court does say that the burden is on the plaintiff to show by competent evidence and by the greater weight thereof that he was discharged "solely by reason of his participation in the discussions with his fellow employees in connection with their proposed plan to join a labor union," the court proceeds immediately, in the same sentence, to say, "or that such participation therein was the 'motivating' or 'moving cause' for his discharge." Our law provides that an employee may not be discharged "on account of" union membership or nonmembership.

The trial court in the North Carolina case further instructed the jury that, if the motivating or moving cause for dismissal of the plaintiffs, or any of them, was their union activities, the verdict of the jury should be for such plaintiffs.

Webster's New International Unabridged Dictionary, Second Edition, defines the word "sole" as meaning "one and no more," and also "one and only." Thus the trial court's instruction advised the jury that, in order to find for the plaintiffs, they must find that the defendant discharged the plaintiffs, or any of the plaintiffs for whom a verdict was returned, for one cause only, and that one cause must be "on account of" his membership or nonmembership in a union. We believe that this instruction of the trial court amounted to misdirection, and constitutes error. Although the discharge of an inefficient and insubordinate employee would be lawful, even though such employee was at the same time engaged in union activities and was a union member, such discharge would become unlawful where the motivating or the real reason for his discharge was his union activities. N. L. R. B. v. Whitin Machine Works, 1 Cir., 204 F.2d 883. The discharge of the plaintiffs by the defendant in this action was unlawful if the real or motivating cause of such discharge, or

the discharge of any of the plaintiffs, was sympathy with or membership in the Teamsters Union, or if such cause of discharge was union activities.

■ We know that there are many instances where an employee may be discharged for several reasons. In this case, there is evidence in the record to show that several reasons may have motivated the discharge of the plaintiffs by the defendant. There is evidence of inefficiency and insubordination as well as evidence tending to show that one reason for the discharge of the plaintiffs, or perhaps some of them, was their union activities. It therefore is a question for the jury to determine which, if any, of these reasons was the "motivating," "moving," or real cause for such discharge. The instruction of the trial court that the union activities of the plaintiffs must have been the sole cause for the discharge in order to find for the plaintiffs was improper and prejudicial.

The plaintiffs further contend that the court erred in refusing to dismiss one of the jurors on plaintiffs' challenge for cause. The juror, on his voir dire examination, had stated, in response to questions by plaintiffs' counsel, that he had heard about the case and had heard it discussed in his presence. He further stated that, as a result of such discussion, he had formed some opinions about the case. On further examination of the prospective juror by the court, he stated:

"Q. These parties with whom you were discussing this case, were they parties to this action, any of the plaintiffs here? A. No, your Honor.

"Q. Or the defendant? A. No, your Honor.

"Q. Did these parties with whom you were talking claim to know what the facts were? A. They did not, your Honor. They did not claim to know.

"Q. And, from those statements, you have formed an opinion as to the merits of the case? A. Well, only part of it, I have formed an opinion on part of it.

"Q. Could you decide the case now? A. Not without the evidence first and the law.

"Q. Now, after you have heard the evidence and the Court's instructions, on the law, could you lay aside what opinions you have and decide the case solely on the evidence and the instructions? A. Yes, I could."

Counsel for plaintiffs then proceeded to question the prospective juror at length, concluding with the following question:

"Q. And, if the Court instructs as to public policy of the State of North Dakota, that a worker shall have the right to work and that he shall never be denied work because they do exercise that right [to organize], would you follow that, the instructions of the Court? A. I would."

■ The court denied the challenge, and the plaintiffs claim this was error. Where a prospective juror stated that he would lay aside any opinion that he might have and decide the case solely on the evidence and the instructions of the court, the court did not abuse its discretion in denying the challenge to such juror.

■ In this connection, we point out that plaintiffs still had two peremptory challenges remaining when they accepted the jury. Had the challenge to the prospective juror been good, and had the court erroneously overruled such challenge, such error would not have been prejudicial where the plaintiffs had unused peremptory challenges remaining when the jury was finally accepted. However, had the court erroneously overruled a challenge for cause, and had the party challenging such juror used all peremptory challenges before the jury was accepted, such error by the court would

be prejudicial. Preston v. Ohio Oil Co., Tex.Civ.App., 121 S.W.2d 1039.

Plaintiffs also demand that, if this case be remanded for new trial, it be sent back on the question of damages alone. There clearly is no merit to this request. The jury in this case has not had an opportunity to pass upon the question of liability of the defendant under proper instructions. As we have hereinbefore pointed out, there is evidence of other grounds which might have justified the dismissal of the plaintiffs, or some of them, and whether the moving cause for the dismissal was their union activities, or some other cause, is a question of fact for the jury to determine and not a question of law for the court.

Finally, plaintiffs demand that, if a new trial is granted, this court direct the trial court to grant any subsequent petition for change of venue which might be made by the plaintiffs. The plaintiffs' request clearly is improper and without merit. If the plaintiffs have reason to believe that an impartial trial cannot be had in Stark County, the law provides for a change of place of trial upon a proper showing. Sec. 28–04–07, Subsec. 2, N.D.C.C. We do not believe that the record discloses that plaintiffs cannot receive a fair trial in Stark County.

This court has held that a motion for change of venue, made in the furtherance of justice, is addressed to the sound, judicial discretion of the trial court, and this court will not reverse the trial court in the absence of an abuse of discretion. Ott v. Kelley, 64 N.D. 361, 252 N.W. 269.

The defendant has cross-appealed from the order of the district court granting the plaintiff Jacob Wandler's alternative motion for a new trial. Since we hold that the trial court erred in its instructions, and grant all appellants a new trial, the defendant's cross-appeal on this ground must be denied.

Defendant has also cross-appealed from the order of the trial court dismissing the complaint of the plaintiff Pechtl, without prejudice, at the close of the plaintiff's case. This is not a final order, and therefore it is not an appealable order unless appeal is expressly authorized by statute. Schutt v. Federal Land Bank of Saint Paul, 71 N.D. 640, 3 N.W.2d 417; Ferguson v. Jensen, 76 N.D. 647, 38 N.W.2d 560; Schaff v. Kennelly, N.D., 69 N.W.2d 777; Stormon v. District Court of Pierce County, 76 N.D. 713, 38 N.W.2d 785.

The order denying plaintiffs' motion for judgment notwithstanding the verdict is affirmed; the order denying motion of plaintiffs Sand, Fischer, and Steckler for a new trial is reversed; the order granting plaintiff Jacob Wandler's motion for new trial is affirmed; and the order dismissing complaint of plaintiff Pechtl, without prejudice, is affirmed.

New trial granted.

SATHRE, C. J., and MORRIS, TEIGEN and BURKE, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

The defendant, Queen City Packing Company, has petitioned for a rehearing in this case on the grounds that:

1. The instruction of the trial court to the effect that any plaintiff, to be entitled to recover, must have been discharged solely because of his labor union activities, was a proper instruction; and

2. That the complaint of the plaintiffs failed to state a cause of action.

The trial court in this case instructed the jury, in part, as follows:

"The burden is on each plaintiff to prove by a fair preponderance of the evidence * * * (4) That defendant, employer, deprived plaintiffs of their privileges to so organize as employees of defendant company, by discharging each one, solely because of his efforts in attempting to organize a labor union. * * *

* * * * * *

"* * * However, if you find by a fair preponderance of the evidence that

defendant discharged any plaintiff solely because of his affiliation with a labor union, such act would be an unfair labor practice, and would entitle any plaintiff so discharged to a verdict herein.

"However, if you find that the defendant discharged any plaintiff for just cause, and not solely because of his affiliation with a labor union, then such plaintiff would not be entitled to recover herein, and your verdict should be for the defendant as against such plaintiff."

The defendant contends that, since an employer has a right to discharge an employee either for cause or without any cause, and that since the only cause he is prohibited from using as a ground for discharge is the union activities of his employee, the instruction that the sole cause for such discharge must have been the union activities of the employee in order to make such discharge illegal, was perfectly proper.

We do not believe that there is any merit to this reasoning. While the only ground which would make such discharge unlawful would be a discharge for union activities, an employer may discharge an employee for any other reason. Thus several grounds may motivate an employer in discharging an employee. We reaffirm the view adopted by this court in its opinion to the effect that to make such discharge unlawful the motivating or the real cause for such discharge must have been union activities of the employee; and that an instruction that union activities must have been the sole cause of the discharge is error.

The defendant also contends that the complaint fails to state a cause of action, pointing out that the plaintiffs in their complaint allege that the defendant's acts were in violation of Section 34–0901 of the 1953 Supplement to the North Dakota Revised Code of 1943, which section is a declaration of public policy of the State of North Dakota, and which section provides no penalty for violation. The section referred to provides that any worker shall be free to decline association with his fellow workers, shall be free to obtain employment wherever it is possible to obtain employment, and shall also be free to organize with his fellow workers if he so desires.

A pleading which sets forth a claim for relief shall contain a short and plain statement of the claim, showing that the pleader is entitled to relief, and shall set forth a demand for judgment for the relief to which he deems himself entitled. Rule 8 (a), N.D. Rules of Civil Procedure.

The complaint in the case before us alleges that plaintiffs were employees of the defendant; that an election was held among the eligible employees to determine whether the Teamsters Union, Local 123, was to represent the employees; that the plaintiffs voted in said election in favor of the union; that prior to the election the defendant had informed the plaintiffs that anyone voting for the union would be discharged; and that subsequent to the election the defendant notified the plaintiffs that they were discharged and that their discharge was because of their union activities. Plaintiffs further alleged that the acts of the defendant were in violation of Section 34–0901 of the 1953 Supplement to the North Dakota Revised Code of 1943, which section states the public policy of the State giving to workers the right to organize or to decline to organize.

Pleadings, under rules of civil procedure, are to be liberally construed, and a complaint is not subject to dismissal if any relief can be granted under any set of facts which can be proved in support of its allegations. Defendant was put on notice, by the allegations of the complaint, that the basis of plaintiffs' claim was their discharge because of union activities. Under the rule referred to above, plaintiffs' complaint does state a cause of action.

Petition for rehearing denied.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.