**WILBUR–ELLIS COMPANY,**
**Plaintiff and Appellee,**

v.

**WAYNE AND JUNTUNEN FERTILIZER COMPANY, INC., Curt Juntunen, and First Bank of Rolla, Defendants,**

**Robert Wayne, Defendant and Appellant.**

**Civ. No. 10621.**

Supreme Court of North Dakota.

June 28, 1984.

Eaton, Van de Streek & Ward, Minot, for plaintiff and appellee; argued by Nevin Van de Streek, Minot.

Arne F. Boyum, Rolla, for defendant and appellant; argued by Arne F. Boyum, Rolla.

PEDERSON, Justice.

Wilbur-Ellis sold various agricultural chemicals to Wayne and Juntunen Fertilizer Co. (W–J Fertilizer) on an open account.

The balance due on the account on November 30, 1982 was $110,153.31, and on that date Curtis W. Juntunen, as vice president of W–J Fertilizer and individually, executed an installment note which required payments as follows:

$11,000.00 on 12–1–82;
22,000.00 on 12–13–82;
26,500.00 on 1–15–83;
26,500.00 on 1–29–83;
24,153.31 on 2–15–83;

plus 18% interest payable on each installment.

Also, on November 30, 1982, Robert Wayne, the president of W–J Fertilizer and the father-in-law of Curtis W. Juntunen, signed the following statement on the face of the installment note:

"I, Robert Wayne as an individual, personally, take responsibility to financially back this installment note and agree on said amounts and dates.

Signed Robert Wayne
Dated 11/30/82"

W–J Fertilizer paid Wilbur-Ellis $11,000.00 on December 13, 1982 and $11,000.00 on January 8, 1983. Suit was instituted by Wilbur-Ellis against all defendants on February 17, 1983, seeking, inter alia, recovery of $90,139.97, the alleged balance due on the installment note plus interest at 18%. All defendants jointly answered with a general denial, setting forth an affirmative defense: "setoff, duress, estoppel, failure of consideration, laches, and failure to state a claim upon which relief can be granted, as well as any other appropriate affirmative defenses". The answer also included a counterclaim alleging undue influence and "mental suffering". Defendants prayed for judgment, including attorney's fees and costs.

Although some of the significant facts are not a part of the record in the form of affidavit or otherwise, Wilbur-Ellis asserted that W–J Fertilizer is judgment-proof and Curtis W. Juntunen is deceased, and sought a partial summary judgment on the installment note against Robert Wayne as an individual. The motion was supported by the affidavit (which is a part of the record) of Rod Greene, an agent of Wilbur-Ellis. The Greene affidavit asserts that $90,139.97, plus interest, is due and owing on the installment note, that the installment note was voluntarily signed in consideration of Wilbur-Ellis foregoing the institution of forced collection of sums overdue on the open account, and that all terms, including the interest rate to be charged, were agreed to jointly.

The responding affidavit (required by Rule 56(e), NDRCivP) by Robert Wayne asserts only that the amount owed Wilbur-Ellis by W–J Fertilizer is unknown to him; admits that he signed the statement on the installment note; but adds: "I do not admit that ... [it] is my valid personal guaranty of the Wayne and Juntunen debt." Robert Wayne's deposition was taken and therein he asserts that he understood that he was signing a personal guaranty "against my better judgment" at the urging of Curtis W. Juntunen, his son-in-law, and upon the representation by Juntunen that W–J Fertilizer could and would pay the indebtedness. Robert Wayne acknowledged that he has a college education and that he is an experienced farmer-businessman.

The trial court stated that there was no dispute of material fact and awarded partial summary judgment for Wilbur-Ellis and against Robert Wayne individually for $90,137.97, plus interest at 18%. The trial court also expressly determined there was no reason to delay and ordered judgment pursuant to Rule 54(b), NDRCivP.

■■ It is difficult to find anything that distinguishes this case from *Pioneer Credit Co. v. Medalen*, 326 N.W.2d 717 (N.D. 1982). The standards by which we measure the appropriateness of a summary judgment are all familiar. Only when we have viewed the evidence in the light most favorable to Robert Wayne, giving him the benefit of all favorable inferences, and still conclude that Wilbur-Ellis is entitled to judgment as a matter of law, will we affirm the grant of summary judgment against Robert Wayne. See *Everett Drill. Vent. v. Knutson Flying Serv.*, 338

N.W.2d 662 (N.D.1983), and authorities cited therein.

We find no basis in the record for concluding that Wilbur-Ellis is not entitled to summary judgment against Robert Wayne. The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.