**Charles C. ALLEGREE, Paul E. Angrick, Max R. Arrington, Doug Dewitt-Dick, Jeffrey L. Donaldson, Lyndon D. Luoma, Michael J. Mujadin, Eugene E. Peterson, Stan Piasecki, Virgil P. Sabin, David Salisbury, Robert H. Schaffer, Arsay Sheliga, Kim Simmons, and Gary L. Thronson, Plaintiffs and Appellees,**

v.

**Jerome JANKOWSKI, Donald Mutzenberger, and Francis L. Wright, Defendants and Appellants.**

Civ. No. 10654.

Supreme Court of North Dakota.

Oct. 23, 1984.

ERICKSTAD, Chief Justice.

This is an appeal from a partial summary judgment entered by the District Court of Mercer County. We reverse and remand for a trial on the merits.

The plaintiffs and the defendants own separate tracts of land in a rural subdivision of Beulah called Country Club Estates. The plaintiffs have filed an action alleging that each of the defendant landowners, by constructing a 40' by 60' metal building on his lot in the subdivision, violated the following restrictive covenant:

"PREAMBLE: * * * *

PURPOSE: Residential Uses, With Possible Maintenance of a Limited Number of Horses for Semi-Rural Living.

\* \* \* \* \* \*

"2. *Land Use and Building Type:*

All lots shall be used solely as residential lots and no structure shall be erected, placed or permitted on any residential building lot other than one detached single family dwelling, with a minimum of 1000 square feet in the ground floor area, in the case of 1 story structures; a minimum of 950 square feet in the ground floor area, in the case of 1½ story structures (split-level or split-foyer residences); a minimum of 800 square feet in the ground floor area, in the case of 2 story structures. No structure shall exceed 2 stories in height. *Garage for housing operable vehicles* and a structure suitable for stabling livestock *may also be erected.* This addition does not allow mobile homes or the moving in of older structures from other locations. No lot shall be sub-divided during the duration of these covenants without the consent of the Architectural Committee." [Emphasis added.]

The plaintiffs seek damages and removal of the buildings. The defendants, while conceding that they have constructed metal buildings on their lots, deny that their actions violate the restrictive covenant. The defendants have also raised the affirmative defenses of laches, waiver, and estoppel.

Zuger & Bucklin, Bismarck, for plaintiffs and appellees; argued by Patrick J. Ward, Bismarck.

William C. Worthington, Jr., Bismarck, for defendants and appellants; argued by Irvin B. Nodland, Bismarck.

The district court entered a partial summary judgment declaring the metal buildings in violation of the restrictive covenant as a matter of law. In its order for partial summary judgment, the district court expressly found that there existed genuine issues of material fact relative to the affirmative defenses, and it reserved a determination on those issues following an evidentiary trial. In its order, the district court also entered a Rule 54(b), N.D.R. Civ.P., determination that there was no just reason for delay and an express direction for entry of a partial summary judgment.[1]

It is well settled that a summary judgment should be granted only if, after viewing the evidence most favorable to the party against whom summary judgment is sought, it appears that there is no genuine issue as to any material fact and that the party seeking summary judgment is entitled to it as a matter of law. *Albers v. NoDak Racing Club, Inc.*, 256 N.W.2d 355 (N.D.1977). Summary judgment is not appropriate if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts. *Heinsohn v. William Clairmont, Inc.*, 333 N.W.2d 697 (N.D.1983).

The district court concluded that, as a matter of law, the "size and character" of the metal buildings constructed by the defendants violated the restrictive covenant. We conclude that this determination by the district court is premature and in error. The restrictive covenant does not provide specific size limitations for garages that may be built on the property. Relevant factual issues remain to be resolved regarding the defendants' use of their lots and of the metal buildings they have constructed thereon. There is also an unresolved factual dispute regarding the manner by which the defendants proceeded to construct the metal buildings. That factual dispute involves questions regarding the defendants' contact with and the actions of the members of the "Architectural Committee" which, under the declaration of restrictive covenants, was created "for control of structures and such other facilities which may be erected" within the subdivision.

In addition to the foregoing unresolved factual issues, the district court expressly found that there existed material issues of fact relevant to the defenses raised by the defendants. Absent a trial and resolution of those defenses, the plaintiffs cannot be entitled, as a matter of law, to a favorable judgment on their claims.

Having concluded that there are numerous unresolved factual issues which are relevant to the ultimate determination of whether or not the defendants have violated the restrictive covenant at issue, we hold that the district court erred in granting the plaintiffs a partial summary judgment. Accordingly, the judgment is reversed, and the case is remanded for a trial on the merits.

SAND, GIERKE, PEDERSON and VANDE WALLE, JJ., concur.

---

1. Although we will discuss the substantive issues raised on this appeal from the partial summary judgment, we have reservations as to the appropriateness of the district court's entry of a Rule 54(b), N.D.R.Civ.P., determination in this case, and we express concern over the potential for abuse of that rule. Encouraging the immediate appeal from a partial summary judgment, which does not eliminate the need for a factual trial as to any of the parties, may not result in efficient use of either judicial or party resources.