Cindy BELGARDE, Plaintiff
and Appellant,

v.

Lorenz ROSENAU and the Winona
Monument Company, a foreign
corporation, Defendants and Appellees.

Civ. No. 11116.

Supreme Court of North Dakota.

June 6, 1986.

Chapman & Chapman, Bismarck, and Swain Benson, Bottineau, for plaintiff and appellant; argued by Charles L. Chapman.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendants and appellees Winona Monument Co.; argued by Curtis L. Wike.

LEVINE, Justice.

Cindy Belgarde appeals from a district court judgment dismissing her action against Winona Monument Company [Winona]. We reverse and remand for trial.

Shortly after Belgarde's husband died in 1978, she purchased a grave headstone from Lorenz Rosenau, a Winona dealer. Belgarde was to make $100 monthly payments to pay for the $686 headstone. Belgarde received billing statements directly from Winona, but made the payments to Rosenau. A dispute arose over the payments, with Belgarde claiming that she had made full payment and Rosenau claiming that Belgarde still owed $200. Belgarde submitted proof of payment to Winona, and Winona contacted Rosenau in an unsuccessful attempt to clear up the discrepancy. Sometime prior to January 1981, Rosenau removed the headstone from Belgarde's husband's grave.

Belgarde commenced this action against Rosenau and Winona, claiming, in effect, conversion of the headstone and infliction of emotional distress. Winona moved for summary judgment, alleging that Rosenau was an independent contractor and that it therefore was not vicariously liable for Rosenau's actions. The district court granted summary judgment dismissing Belgarde's action against Winona.

The sole issue presented on appeal[1] is whether genuine issues of material fact exist which preclude summary judgment.

---

1. Belgarde also contends that the trial court erred in granting summary judgment before she had an adequate opportunity to respond to the motion. Because of various occurrences, including the illness of the presiding judge of the district, reassignment to a new judge, and tardiness by Winona in responding to Belgarde's interrogatories, the trial court ruled on the motion while Belgarde was still conducting discovery which would have allowed her to more

Summary judgment should be granted only if, after viewing the evidence in the light most favorable to the party against whom summary judgment is sought, it appears that there is no genuine issue as to any material fact and that the party seeking summary judgment is entitled to it as a matter of law. *Allegree v. Jankowski*, 355 N.W.2d 798, 800 (N.D.1984). Summary judgment is not appropriate if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts. *Allegree v. Jankowski, supra*, 355 N.W.2d at 800.

■ It is well settled that the existence of an agency relationship is a question of fact. *E.g., Dunseith Sand & Gravel Co. v. Albrecht*, 379 N.W.2d 803, 805 (N.D.1986); *Johnson v. Production Credit Association of Fargo*, 345 N.W.2d 371, 376 (N.D.1984); *Pfliger v. Peavey Co.*, 310 N.W.2d 742, 745 (N.D.1981). However, where the evidence on agency is such that reasonable minds could draw but one conclusion, the question of fact becomes a question of law and summary judgment may be appropriate. *Johnson v. Production Credit Association of Fargo, supra*, 345 N.W.2d at 376.

■ Winona contends that the evidence in this case leads to only one conclusion: that Rosenau was not its agent. In support of this contention, Winona relies upon the agreement it entered into with Rosenau in 1957, which provides: "The parties hereto further expressly understand and agree that the relationship between them shall be that of independent contract and that the dealer is not an employee of the Company...."

We reject Winona's contention that its agreement with Rosenau is dispositive of the issue of Rosenau's representative capacity when dealing with Belgarde:

"The fact that defendant attempted to use many of the incidents of an independent contractual relationship with regards (sic) to its salesmen is not determinative. The manner in which the parties

completely respond to Winona's motion for summary judgment. We find it unnecessary to address these issues, however, because we con-

designate the relationship is not controlling. If an act done by one person on behalf of another is in its essential nature one of agency, then he is an agent regardless of the title bestowed upon him.... The existence of the agency relationship, as well as the determination of whether Mr. Wood was acting within the scope of his authority, was a question for jury resolution." [Citations omitted.] *Lincoln v. Fairfield-Nobel Co.*, 76 Mich. App. 514, 520, 257 N.W.2d 148, 151 (1977).

In support of her contention that Rosenau was acting as Winona's agent, Belgarde submitted an affidavit with attachments in opposition to the motion for summary judgment. When viewed in the light most favorable to her, Belgarde's affidavit indicates that the original purchase order for the headstone was completed on a Winona form; Winona retained title to the headstone until paid in full; the purchase order granted Winona the right to enter the cemetery and remove the headstone if it was not fully paid for; Rosenau entered the cemetery and removed the headstone from Belgarde's husband's grave; Belgarde received billing statements directly from Winona; payments were made to Rosenau, who accepted them for the company; and Belgarde believed she was dealing with Rosenau as an agent of Winona.

The affidavit clearly raises an issue as to whether Belgarde was dealing directly with Winona through Rosenau as an agent. Because there is a genuine issue of material fact which must be resolved, summary judgment was inappropriate. We reverse and remand for trial.

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of Gierke, J., disqualified.

clude that Belgarde's affidavit opposing the motion sufficiently raised genuine issues of material fact which preclude summary judgment.