**Lucy BAILEY and Julie Lewis,<br>Plaintiffs and Appellants,**

v.

**PERKINS RESTAURANTS, INC.,<br>Defendant and Appellee.**

**Civ. No. 11278.**

Supreme Court of North Dakota.

Dec. 16, 1986.

Bard & Bard, Bismarck, for plaintiffs and appellants; argued by Stuart F. Bard.

Zuger & Bucklin, Bismarck, for defendant and appellee; argued by Charles Thomas Edin.

ERICKSTAD, Chief Justice.

This is an appeal by Lucy Bailey and Julie Lewis from the judgment entered by the District Court of Burleigh County dismissing plaintiffs' complaint for wrongful termination of employment by the defendant Perkins Restaurants, Inc. The district court's order granted a motion for summary judgment in favor of the defendant. We affirm.

Bailey and Lewis were employed as assistant dining room managers by Perkins

at its Bismarck branch restaurant. Bailey began her employment with Perkins on August 23, 1983, and Lewis began her employment on January 25, 1982. Doug Gullekson, manager of Perkins in Bismarck, terminated their employment on September 30, 1985.

Bailey and Lewis contend that they were wrongfully terminated because Perkins' "Progressive Discipline Policy" in its employee handbook was not followed.[1] They specifically allege in their complaint that "Gullekson willfully and maliciously violated the defendant's mandatory procedures for terminating employment with the plaintiffs." Perkins responds that it is not contractually bound to follow the terms of the discipline policy stated in its employee handbook because the handbook is not a part of an employment contract. Perkins points to its "disclaimer" located at the top of the second page in its employee handbook to support its contention. The disclaimer is displayed in the employee handbook as follows:

---

"DISCLAIMER

"This Employee Handbook has been drafted as a guideline for our employees. It shall not be construed to form a contract between the Company and its employees. Rather, it describes the Company's general philosophy concerning policies and procedures."

---

The dispositive issue on appeal is whether or not Perkins is contractually bound by the progressive discipline policy provisions of its employee handbook.

Rule 56 of the North Dakota Rules of Civil Procedure provides that summary judgment shall be rendered if "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In *Stensrud v. Mayville State College*, 368 N.W.2d 519, 521 (N.D. 1985), we stated the criteria necessary to determine the appropriateness of summary judgment as follows:

"Summary judgment is appropriate to promptly and expeditiously dispose of controversies without trial when, after viewing the evidence in a light most favorable to the party against whom summary judgment is sought and giving her the benefit of all favorable inferences, only a question of law is involved or there is no genuine dispute over either the material facts or inferences to be found from undisputed facts. *Garcia v. Overvold Motors, Inc.*, 351 N.W.2d 110 (N.D.1984); *Allegree v. Jankowski*, 355 N.W.2d 798 (N.D.1984); *Wilbur-Ellis Co. v. Wayne & Juntunen Fertil.*, 351 N.W.2d 106 (N.D.1984). Even when a factual dispute exists summary judgment is proper if the law is such that the resolution of the factual dispute will not change the result. *Gowin v. Hazen Memorial Hospital Ass'n* 349 N.W.2d 4 (N.D.1984)."

■ The construction of a written contract to ascertain its legal effect is a question of law for the court to decide, and on appeal, this Court will independently examine and construe the contract to determine if the district court erred in its interpretation of it. *Miller v. Schwartz*, 354 N.W.2d 685, 688 (N.D.1984); *West v. Alpar Resources, Inc.*, 298 N.W.2d 484, 490 (N.D. 1980). A contract must be read and construed in its entirety and all of its provisions taken into consideration so that the true intent of the parties is determined. *Miller*, 354 N.W.2d at 688; *Oakes Farming Ass'n v. Martinson Bros.*, 318 N.W.2d 897, 907 (N.D.1982).

1. In Perkins' employee handbook the provision regarding its "Progressive Discipline Policy" reads as follows:
   *Progressive Discipline Policy*
   "In cases where corrective action is required, we practice a program of progressive discipline. There are four progressive steps involved in our disciplinary program, as follows:
   1. A verbal warning.
   2. A written warning, which is placed in the employee's personnel file.
   3. A final written warning and/or possible suspension or probation.
   4. Termination, with a copy of the reasons placed on record in the employee's personnel file."

In this case the district court concluded that the employee handbook failed to grant any rights to the employees in the form of job security.

■ In North Dakota when an employee is hired for an indefinite term, the employment is presumed to be at will. *Wood v. Buchanan*, 72 N.D. 216, 5 N.W.2d 680, 682 (1942); *Sand v. Queen City Packing Co.*, 108 N.W.2d 448 (N.D.1961). In *Sand* we concluded that in the absence of a statute to the contrary, an employer has the right to terminate its employees with or without cause. *See* Section 34–03–01, N.D.C.C. Section 34–03–01 reads as follows:

> "An employment having no specified term may be terminated at the will of either party on notice to the other, except when otherwise provided by this title."

Courts in other jurisdictions, however, have recently created an exception to the presumption of at will employment and have held that an employer may be contractually bound by promises, express or implied, in employee handbooks with respect to job security and termination procedures. *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980); *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983); *Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984); *Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081 (1984); *Woolley v. Hoffmann-La Roche, Inc.*, 99 N.J. 284, 491 A.2d 1257 (1985); *Ferraro v. Koelsch*, 124 Wis.2d 154, 368 N.W.2d 666 (1985); *Mobil Coal Producing, Inc. v. Parks*, 704 P.2d 702 (Wyo.1985); *Cook v. Heck's Inc.*, 342 S.E.2d 453 (W.Va 1986). *See* 33 A.L.R.4th 120 (1984).

In *Thompson, supra*, 685 P.2d at 1088, the Washington Supreme Court stated the general rule regarding the modification of at will employment by employee handbooks as follows:

> "[I]f an employer, for whatever reason, creates an atmosphere of job security and fair treatment with promises of *specific treatment in specific situations* and an employee is induced thereby to remain on the job and not actively seek other employment, those promises are enforceable components of the employment relationship. We believe that by his or her unilateral objective manifestation of intent, the employer creates an expectation, and thus an obligation of treatment in accord with those written promises. *See* Restatement (Second) of Contracts § 2 (1981) (promise is a manifestation of intention *to act or refrain from acting in a specified way*, so made as to justify a promise [promisee] in understanding a commitment has been made).

> "It may be that employers will not always be bound by statements in employment manuals. They can specifically state in a conspicuous manner that nothing contained therein is intended to be part of the employment relationship and are simply general statements of company policy. Additionally, policy statements as written may not amount to promises of specific treatment and merely be general statements of company policy and, thus, not binding. Moreover, the employer may specifically reserve a right to modify those policies or write them in a manner that retains discretion to the employer." *See* also *Woolley v. Hoffmann-La Roche, Inc.*, 99 N.J. 284, 491 A.2d 1257 (1985). [Emphasis in original.]

In this case Perkins has specifically and conspicuously stated in its disclaimer that the employee handbook is not to "be construed to form a contract" and that it merely "describes the Company's general philosophy concerning policies and procedures."

Bailey and Lewis argue that summary judgment was improper and rely principally upon our decision in *Hammond v. North Dakota State Personnel Board*, 345 N.W.2d 359 (N.D.1984). In *Hammond* we determined that provisions of the State Personnel Policies Manual were binding as a part of the employment relationship between the State Laboratories Department and Hammond, a former state employee. We concluded that the State Laboratories

Department, "having promulgated the Manual provisions as its personnel policy and procedure, must be held accountable under those provisions in its employment relationship with Howard Hammond." 345 N.W.2d at 361. While we have been informed that the State Personnel Policies Manual pertinent in *Hammond* also contained a disclaimer, as that issue was not raised in *Hammond* the decision in *Hammond* cannot be said to have determined the effect or lack of effect of such a disclaimer. *Hammond* is therefore not controlling in this case.

█ In this case the presence of the clear and conspicuous disclaimer in the employee handbook operated to preserve the presumption of at will employment and thus Perkins was not bound to follow the "Progressive Discipline Policy" set forth in its employee handbook.

We conclude that Bailey and Lewis were, under the circumstances of this case, prior to their termination, at will employees and that the trial court correctly dismissed their complaint for failing to state a claim upon which relief could be granted.[2]

For the reasons stated, the judgment is affirmed.

GIERKE and VANDE WALLE, JJ., concur.

MESCHKE, J., concurs in the result.

LEVINE, Justice (specially concurring).

I write specially to emphasize what this case is not about.

In their brief on appeal, Lewis and Bailey essentially ignored the disclaimer contained within the employee handbook. They argued instead, as the majority points out, that the handbook's provisions on discipline entitled them to the benefit of those procedures set out in the handbook. This appeal then does not involve, and therefore obviously does not resolve, issues of ambiguity and reliance created by an employer's disclaimer in an employee handbook that purports to "taketh" what the remainder of the handbook appears to "giveth," and the effect of such ambiguity on the employer-employee relationship. No cases were brought to our attention on these issues and no arguments made on either side.

---

2. The plaintiffs have raised for the first time in their brief on appeal that the defendant violated an implied covenant of good faith and fair dealing. We have not decided that issue in this case as it was not raised in the trial court. The purpose of an appeal is to review the actions and decisions of the trial court, not to allow the appellant to develop and expand new strategies or theories. *Edwards v. Thompson*, 336 N.W.2d 612, 616 (N.D.1983). One of the requirements for appeal on any issue or contention is that the issue was adequately raised in the lower court. *Williams County Social Services Board v. Falcon*, 367 N.W.2d 170, 176 (N.D.1985).

In *Wadeson v. American Family Mut. Ins. Co.*, 343 N.W.2d 367 (N.D.1984), we were urged to adopt an "independent consideration" exception to at will employment. After discussing the cases relied upon by Wadeson and facts relied upon by Wadeson to support his assertion that he had given independent consideration which should prevent his discharge except for good cause, we said:

"Even if we were inclined to adopt independent consideration as an exception to the terminable at-will rule in an appropriate case, we do not do so in this case." 343 N.W.2d at 371.