**Jan Thompson SCHMIDT, f/k/a Jan Thompson, Plaintiff and Appellant,**

**v.**

**RAMSEY COUNTY and Vicki Haman, individually, and in her official capacity as Clerk of Ramsey County District Court, Defendants and Appellees.**

**Civ. No. 920018CA.**

Court of Appeals of North Dakota.

Aug. 3, 1992.

James F. Lester (argued), Fargo, for plaintiff and appellant.

Lucas and Smith, Bismarck, for defendants and appellees, argued by Randall J. Bakke.

PER CURIAM.

Jan Schmidt appealed from a summary judgment dismissing her action for wrongful termination of employment. We reverse and remand for a trial on the merits.

Jan was employed as the Deputy Clerk of the District Court of Ramsey County in June 1984. The Clerk of the District Court, Vicki Haman, was Jan's immediate supervisor. On December 29, 1986, Vicki fired Jan. Jan appealed her termination to the Ramsey County Board of Commissioners (the Commissioners). Following a hearing, the Ramsey County State's Attorney by letter dated February 6, 1987, notified Jan that "your termination of 12–29–86 is hereby reversed and you are directed to report back to work upon receipt of this letter." Jan responded by letter, rejecting her reinstatement:

> "I have spoken to my attorneys since our meeting on Tuesday and they instructed me to inform you in writing that your offer of having my old job back is unrealistic, unfeasible, impossible and definitely not in my best interest to return to the same job. There would be no protection from further harassments, threats, mental abuse, etc. from Ms. Haman. I also consulted with one of my medical doctors and he told me that it would not be in my best interest and for my overall well being to return to my old job.
>
> "Therefore, I am refusing your offer to return to my job as Deputy Clerk of District Court."

No party has argued on appeal that the Commissioners' decision constituted a reversal of Jan's termination. All parties treat Jan's termination as complete and final, and we will not, therefore, question her status as a terminated employee.

In bringing her action for damages, Jan asserts that: (1) she has been deprived of due process under the Fifth and Fourteenth Amendments of the Federal Constitution, entitling her to damages and attorney fees under 42 U.S.C. §§ 1983 and 1988; (2) her contractual employment rights un-

der the Ramsey County Personnel Policy employee handbook have been breached; and that (3) the defendants have violated public policy by failing to comply with the county's written personnel policies.

In dismissing Jan's action, the district court, citing *Hillesland v. Federal Land Bank Ass'n*, 407 N.W.2d 206, 211 (N.D. 1987), concluded as a matter of law that Jan was an at-will employee, without contractual employment rights, who could be terminated with or without cause, and that Jan had, therefore, failed to state an actionable claim or raise a genuine issue of fact. We believe that issues raised by Jan are beyond the issues raised and disposed of by the law pronounced in *Hillesland, supra.*

 Summary judgment should be granted under Rule 56, N.D.R.Civ.P., only if, after taking the view of the evidence most favorable to the party against whom summary judgment is sought, it appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Binstock v. Tschider*, 374 N.W.2d 81 (N.D. 1985). When an employee is hired for an indefinite term in North Dakota, the employment is presumed to be at-will. Section 34–03–01, N.D.C.C.[1] *Bailey v. Perkins Restaurants, Inc.*, 398 N.W.2d 120 (N.D.1986). However, when an employer promulgates a manual of personnel policies, the entire manual will be examined to determine whether it discloses an intent to overcome the presumption in Section 34–03–01, N.D.C.C. *See Eldridge v. Evangelical Lutheran Good Samaritan Society*, 417 N.W.2d 797 (N.D.1987). The employer must be held accountable under those policies in its employment relationships, and the provisions in the manual provide the standard by which an employee's termination must be reviewed. *Hammond v. North Dakota State Personnel*

*Board*, 345 N.W.2d 359 (N.D.1984). *Eldridge, supra*, 417 N.W.2d at 799 states that, "by his or her unilateral objective manifestation of intent, the employer creates an expectation, and thus an obligation of treatment in accord with those written promises." *See also Bailey, supra; Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 230–231, 685 P.2d 1081, 1088 (1984); *Restatement (Second) of Contract*, § 2 (1981). A clearly stated disclaimer in an employee personnel manual, stating that the policies in it are not intended to create contractual rights, may be a factor in determining whether an employee enjoys only an at-will employment status.[2]

Jan was given a copy of the Ramsey County Personnel Policy handbook by Vicki shortly after she was employed as the Deputy Clerk of the District Court. Later Jan was given her own copy of the handbook. Jan asserts that the handbook gave her express contractual employment rights and that she relied on them. The manual does not contain an explicit disclaimer about not creating enforceable contract rights. It does contain several provisions which are relevant to Jan's action for wrongful termination:

> "Ramsey County has four classes of employees. Know your classification to fully understand what benefits apply to you.
>
> \* \* \* \* \* \*
>
> "Full-time positions will include those employees working not less than 37½ hours per week. Full-time employees are eligible for fringe benefits designated in this policy.
>
> \* \* \* \* \* \*
>
> "Involuntary Termination
>
> \* \* \* \* \* \*
>
> "Full-time employees who are discharged must be given thirty days

---

1. *"34–03–01. Termination of employment at will—Notice required.* An employment having no specified term may be terminated at the will of either party on notice to the other, except when otherwise provided by this title."

2. Cases holding that explicit disclaimers are ordinarily required in employee handbooks in or-

der to preserve the at-will status of the statutory presumption include *Bailey v. Perkins Restaurants, Inc.*, 398 N.W.2d 120 (N.D.1986); *Eldridge v. Evangelical Lutheran Good Samaritan Society*, 417 N.W.2d 797 (N.D.1987); and *Bykonen v. United Hospital*, 479 N.W.2d 140 (N.D.1992).

written notice by the Department Head or Supervisor.

\* \* \* \* \* \*

" 'Dismissal' means the termination of employment of an employee for cause.

\* \* \* \* \* \*

"An employee may appeal in writing a grievance or disciplinary action taken against that employee within ten working days of the department head's determination. An appeal will go first to the department head who will uphold or deny the appeal within ten working days of the receipt of the appeal. A further written appeal may be made, by the employee, within ten working days of this decision, to the Board of County Commissioners.

"The Board of County Commissioners will uphold or deny the appeal within thirty working days of their receipt of the appeal. The decisions of the Board of County Commissioners is [sic] final and binding.

\* \* \* \* \* \*

"This policy supercedes all departmental policies and all previous personnel policies adopted by this Board.

"THIS POLICY IN FULL FORCE AND EFFECT AS OF January 2, 1985.

"BY ORDER OF THE BOARD OF RAMSEY COUNTY COMMISSIONERS."

It is undisputed that Jan was a full-time employee of Ramsey County. She asserts that she was therefore entitled to, but not given, a thirty day notice prior to her termination. She also asserts that her termination breached her employment rights because it was not based upon just cause.

Ramsey County argues that the manual preserves the "at-will" status of employees because it authorizes involuntary termination without cause with the following language:

"2. Involuntary Termination

"Termination of employment, which has not been requested by an employee and which is not based upon disciplinary action, will result in payment for accrued annual leave. Full-time employees who

are discharged must be given thirty days written notice by the Department Head or Supervisor."

 The question of whether a contract is ambiguous is a question of law that an appellate court will independently review on appeal. *Williston Education Ass'n v. Williston Public School District No. 1,* 483 N.W.2d 567 (N.D.1992). A contract is ambiguous when rational arguments can be made for different positions about its meaning. *Id.* at 570.

 We conclude that the manual is ambiguous and contains no explicit disclaimer. The manual defines dismissal as a termination for cause; gives employees the right to have thirty days notice before being discharged; and gives employees an appeal process. So, the manual arguably manifests an intent by the Commissioners to alter the at-will status of county employees. Arguably, the manual gives employees both substantive and procedural employment rights, including the right to not be terminated for disciplinary or misconduct purposes, unless there is just cause. A rational argument can be made that, in the expectation of an employee, the terms "dismissal," "termination," and "discharge" all have the same meaning—so that the manual, by defining "dismissal" as termination "for cause" alters the at-will status and gives employees the right to not be terminated, for disciplinary purposes, unless there is just cause.

The defendants argue that although the manual defines dismissal as termination for cause, it does not mandate that an employee can *only* be involuntarily dismissed for cause. Whether an employee can be terminated without cause for reasons unrelated to employee misconduct or discipline (*e.g.,* a reduction in force or budgetary constraints) is not at issue in this case, in light of Vicki's statement that she terminated Jan for insubordination and other misconduct. Under these circumstances, one could reasonably argue that the personnel manual required that there be just cause for Vicki to terminate Jan.

In *Sadler v. Basin Electric Power Coop.*, 409 N.W.2d 87 (N.D.1987), the North Dakota Supreme Court concluded that uncertainties created by the language in an employee handbook raised genuine issues of material fact in that case whether the employer breached its employment contract with its employee. For that reason, the court concluded that summary judgment dismissal of the case was improper. We conclude that Jan has similarly raised genuine issues of material fact about whether her termination was in violation of her employment agreement with the county. Consequently, the summary judgment dismissal was inappropriate.

Jan has raised genuine issues of material fact about whether she had employment rights under the personnel manual which removed her from the statutory presumption of an at-will employee, that were breached when she was terminated. The defendants have raised certain defenses to Jan's action, such as qualified immunity, which cannot be resolved at this time because the record has been inadequately developed. We reverse the summary judgment dismissal and remand for a trial of Jan's action on its merits or other appropriate disposition.

Reversed and Remanded.

VERNON R. PEDERSON, Surrogate Judge and KIRK SMITH and DONALD L. JORGENSEN, District Judges, concur.